413 A.2d 742

**COMMONWEALTH of Pennsylvania,**

v.

**Chester George FULTON, Appellant.**

Superior Court of Pennsylvania.

Argued April 11, 1979.

Filed Nov. 2, 1979.

Reargument Denied Feb. 7, 1980.

Petition for Allowance of Appeal Denied Nov. 11, 1980.

Peter H. Shaffer, Butler, for appellant.

Robert F. Hawk, Assistant District Attorney, Butler, for Commonwealth, appellee.

Before PRICE, HESTER and MONTGOMERY, JJ.

PER CURIAM:

█ Appellant Chester George Fulton was convicted by a jury in the Court of Common Pleas of Butler County of statutory rape and attempted murder. Post trial motions were argued and denied and an aggregate sentence of ten to twenty years imprisonment was imposed. On this appeal appellant raises several issues, only one of which need concern us. Prior to trial, counsel for appellant submitted the following proposed voir dire question to the court:

> Have you or any member of your family been involved previously with a rape or proceeding involving a sexual crime?

The court refused to pose this question to the jury and it is that refusal which is now assigned as error. We agree with this allegation of error and will therefore reverse.

█ Preliminarily, we note that the scope of voir dire examination rests in the sound discretion of the trial judge and his decision will not be reversed in the absence of palpable error. *Commonwealth v. Christian*, 480 Pa. 131, 389 A.2d 545 (1978); *Commonwealth v. Sparrow*, 471 Pa. 490, 370 A.2d 712 (1977); *Commonwealth v. Futch*, 469 Pa. 422, 366 A.2d 246 (1976). The single goal in permitting the questioning of prospective jurors is to provide the accused with a competent, fair, impartial, and unprejudiced jury. *Commonwealth v. England*, 474 Pa. 1, 375 A.2d 1292 (1977); *Commonwealth v. McGrew*, 375 Pa. 518, 100 A.2d 467 (1953); *Commonwealth v. Everett*, 262 Pa.Super. 61, 396 A.2d 645 (1978). While considerable latitude should be permitted in a voir dire, the inquiry should be strictly confined to disclosing qualifications of a jury and whether a juror has formed a fixed opinion or may be otherwise subject to disqualification for cause. *Commonwealth v. Brown*, 464 Pa. 625, 347 A.2d 716 (1975); *Commonwealth v. Johnson*, 452 Pa. 130, 305 A.2d 5 (1973); *Commonwealth v. Biebighauser*, 450 Pa. 336, 300 A.2d 70 (1973); *Commonwealth v. Hoffman*, 263 Pa.Super. 442, 398 A.2d 658 (1979). A trial court's ruling on the scope of voir dire must always be considered in light of the factual circumstances of a particular criminal episode. *Christian*,

supra; cf. *Ristaino v. Ross*, 424 U.S. 589, 96 S.Ct. 1017, 47 L.Ed.2d 258 (1976).

■ We think it clear that a natural adjunct to the accused's right to probe for prejudice is the right to inquire into past victimization among the jurors of crimes similar to those with which the defendant stands accused. Thus, a defendant charged with robbery has the right to ask the veniremen whether they or any member of their families have ever been the victim of robbery. *U. S. v. Poole*, 450 F.2d 1082 (3d Cir. 1971). Similarly, the accused, on trial for aggravated assault, may ask the potential jurors if any have been the victim of a crime in the nature of an assault. *Commonwealth v. Mosley*, 261 Pa.Super. 198, 395 A.2d 1384 (1978); compare, *Commonwealth v. Davis*, 264 Pa.Super. 574, 400 A.2d 1320 (1979), reargument granted, 5/25/79; 28 ALR Fed. 26, 90.

The victim of a rape, or close relative of a victim, is not likely to forgive and forget or treat lightly similar conduct of others. Thus, the presence of such a juror in a rape trial could severely compromise an accused's valued right to be tried by a "competent, fair, impartial, and unprejudiced jury." *Futch*, supra; cf. *State v. Singletary*, 156 N.J.Super. 303, 383 A.2d 1151 (1978). "If we were to assume *arguendo* the demonstrated presence of a juror who had been a [rape] victim, it would be difficult to hold that such a juror was capable of objectivity." *Poole*, supra 450 F.2d at 1083–4, citing *Govt. of Virgin Islands v. Bodle*, 427 F.2d 532 (3d Cir. 1970). Since the appellant herein was denied the opportunity to probe for such an obvious source of prejudice, we think he must be afforded a new trial.[1]

Judgment of sentence reversed and new trial granted.

1. Although the proposed voir dire question speaks in terms of "involvement" with a rape or similar offense, instead of victimization, we think the question is sufficiently specific under *Poole* and *Mosley*, supra, so that further questions might be put if any of the jurors made an affirmative response.