503 A.2d 39

**COMMONWEALTH of Pennsylvania**

v.

**David BRYANT, Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 6, 1985.

Filed Jan. 17, 1986.

Robert B. Mozenter, Philadelphia, for appellant.

Jane C. Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before BROSKY, ROWLEY and OLSZEWSKI, JJ.

OLSZEWSKI, Judge:

This appeal follows appellant's jury conviction of conspiracy, robbery and related offenses. The offenses stem from three separate incidents and resulted in a sentence of 15 to 57 years. Appellant challenges: (1) the trial court's denial of his motion to suppress; (2) the effectiveness of trial counsel; (3) the trial court's denial of his motion for new trial based on ineffectiveness of counsel; and (4) the propriety of imposing consecutive, cumulative sentences.

In April of 1982, three taverns in a two-block area in Philadelphia were the scene of armed robberies: Jolly's Bar on April 10, Mac's Bar on April 26, and Denny's Bar on April 28. The robberies of these taverns were distinguished from other robberies in the area by their modus operandi.[1] The victims' description of the robber was the same in each incident.

On April 29, Melvin Prophet was arrested for the robbery of Denny's Bar. Victims of that robbery had recognized Prophet and identified his accomplice as "Dave." During a search of Prophet's home, pursuant to a warrant, stocking masks, loose ammunition, and a sawed-off shotgun were discovered. Prophet's grandmother and sister told police they believed appellant, David Bryant, brought the shotgun into the house.

Less than two weeks later, police arrested Anthony Bryant (unrelated to appellant) in connection with other robberies in the same neighborhood. When questioned about the robbery at Denny's Bar, Anthony Bryant told police that Prophet had admitted robbing Denny's with appellant, David Bryant. Without further investigation, an arrest warrant for appellant was obtained on May 15, 1982.

1. In each case an armed robber who had obscured his face, by mask or hat, yelled "this is a stick-up," ordered the patrons to lie down, and after emptying the cash register and the patrons' pockets, put the money in a paper bag.

On October 5, 1982, the bartenders from Mac's Bar and Jolly's Bar identified appellant from a photo lineup as the perpetrator of those robberies. Warrants were issued, and the appellant was arrested on October 7 for the Mac's Bar robbery. At that time, appellant made an inculpatory statement regarding that robbery. He was arrested on October 15 for the robbery of Jolly's Bar.

At trial, appellant based his motion to suppress on the absence of probable cause to arrest for the robbery of Denny's Bar. In connection with the robbery of Mac's Bar, the motion to suppress was based on the failure of the Commonwealth to show that the photo lineup was not unduly suggestive and the inculpatory statement was voluntarily given.

Appellant's arrest for the April 28 robbery of Denny's Bar was legal. The United States Supreme Court has abandoned the "two-pronged test" of *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) and *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 27 L.Ed.2d 637 (1969), and replaced it with a "totality of the circumstances" approach. *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). The court explained this approach:

> The task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place and the duty of the reviewing court is simply to insure that the magistrate had a 'substantial basis for ... concluding' that probable cause existed.

*Id.* at 238, 103 S.Ct. at 2332.[2]

■ We hold that there was sufficient probable cause to arrest in light of the totality of the circumstances. There was no error in the trial court's refusal to suppress evi-

**2.** The language of *Gates* applies equally as well to "seizures" of the person as it does to seizure of tangible property. *Payton v. New York,* 445 U.S. 573, 100 S.Ct. 1371, 1379, 63 L.Ed.2d 639 (1980).

dence related to the appellant's arrest for the robbery of Denny's Bar.

■ Upon review of the record, we agree with appellee that the issues relating to the April 26, 1982 robbery of Mac's Bar are not properly before us on appeal. The bill numbers appealed were 2984–2989; 3069–3071; and 3074–3076 of the October term, 1982. The charges related to the Mac's Bar robbery were docketed at numbers: 383, 387–389 of the December term, 1982. Accordingly, we dismiss these arguments of appellant.

Appellant argues that his trial counsel was ineffective in two instances: counsel's failure to move to sever the charges, and counsel's failure to call a crucial alibi witness. The law regarding an accused's right to effective assistance of counsel appears uncertain in the wake of recent United States Supreme Court and Pennsylvania Superior Court decisions. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2502, 80 L.Ed.2d 674 (1984); *Commonwealth v. Garvin,* 335 Pa.Super. 560, 485 A.2d 36 (1984) (en banc) (Cirillo, J.; Spaeth, P.J., Beck and Popovich, JJ., concurring in the result; Brosky, J., dissenting). The Supreme Court in *Strickland* required a challenge to counsel's effectiveness to show: (1) that counsel's performance was deficient, and (2) that the deficiency prejudiced the defense so as to deprive the defendant of a fair trial. *Strickland,* 466 U.S. at 686–687, 104 S.Ct. at 2064, 80 L.Ed.2d at 693.

*Garvin* viewed the *Strickland* two-pronged analysis as a clarification of, not a change in, the Pennsylvania standard. *Garvin,* 335 Pa.Super. at 562–565, 485 A.2d at 37–38. The Pennsylvania standard was also seen as having two parts, a performance component and a prejudice component. *Id.* In Pennsylvania, the prejudice component was largely unarticulated, and the analysis "focused ... on the principles by which counsel's strategy in a given case (could) be scrutinized." *Id.* The initial inquiry of the performance component was whether the underlying issue had some arguable merit. If it did, the court would go on to "determine whether the particular course of action chosen had some

reasonable basis which would effectuate the best interest of the client." *Garvin,* 335 Pa.Superior Ct. at 564, 485 A.2d at 38, citing *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967). In making this determination, "alternatives not chosen by counsel are evaluated within the context of his trial strategy." *Garvin,* 335 Pa.Super. at 564–567, 485 A.2d at 38–39. The standard is that "counsel's assistance is deemed constitutionally effective once we are able to concede that the particular course chosen by counsel had some resonable basis designed to effectuate his client's interests." *Maroney,* 427 Pa. at 604, 235 A.2d at 352, cited in *Garvin,* 335 Pa.Super. at 562 n. 1 and 564, 485 A.2d at 37 n. 1 and 38 (adopting *Maroney*'s enunciation of performance component of ineffective assistance of counsel analysis).

This analysis is supported by the Pennsylvania Supreme Court's decision in *Commonwealth v. Clemmons,* 505 Pa. 356, 479 A.2d 955 (1984). In enunciating the standard that controls a determination of ineffective assistance of counsel, the court first quoted *Maroney. Clemmons,* 505 Pa. at 360, 479 A.2d at 957. This is the performance component in *Garvin.* The *Clemmons* court went on to state that the burden of proving ineffectiveness was on the client. It required a showing that "counsel was arguably ineffective and the likelihood that (the client) was prejudiced as a result thereby." *Clemmons,* 505 Pa. at 362, 479 A.2d at 958. This is the prejudice component in the *Garvin* analysis. In this case we do not reach the question of prejudice, since our inquiry ends with the analysis of counsel's performance.

■ It was clearly not ineffective assistance for counsel to agree with the consolidation of charges against appellant. This is not to say that such was the wisest course of action. It is enough that counsel sought consolidation of the charges with some reasonable strategy in mind designed to effectuate his client's interests. In this case, he acted so as to reduce appellant's prior record score in the event of multiple convictions. The lower court rightly dismissed this argument.

■ Appellant's second charge of ineffective assistance of counsel is that trial counsel erred in failing to call appellant's mother to testify. Counsel had listed appellant's mother as an alibi witness, but, following consultation with appellant and the witness, declined to call her, despite her presence in court, claiming she was "too nervous" and "ill." The trial court instructed the jury that it could draw an adverse inference from the fact that a stated alibi witness did not testify. The question before us is whether "counsel made a deliberate informed choice." *Maroney*, 427 Pa. at 604, 235 A.2d at 352. A careful review of the record indicates that he did. A witness who is "too ill" and "nervous" to testify is not likely to favorably impress a jury. Counsel's failure to call appellant's mother was reasonably designed to effectuate appellant's interests if the mother could not offer a valid or believable alibi. By not calling her, counsel avoided a possibly devastating cross-examination and preserved appellant's own testimonial alibi. Thus, counsel's course of action did not amount to ineffective assistance of counsel.

■ Appellant argues that the lower court abused its discretion by imposing a manifestly excessive sentence upon him which also constitutes cruel and unusual punishment. A sentencing court abuses its discretion when it sentences in whole or in part based upon an impermissible factor. *See, e.g., Commonwealth v. Staley*, 229 Pa.Super. 322, 324 A.2d 393 (1974) (defendant exercising his right to trial); *Commonwealth v. Bethea*, 474 Pa. 571, 379 A.2d 102 (1977) (defendant's attitude in seeking to challenge his charges). However, in the present case, appellant only alludes to such a reliance by the trial court in his statement of the case and direct argument of the issue. Since there is no evidence that the trial court considered any impermissible factors in sentencing appellant, and since they are not excessive, we can only conclude that the sentences before us are proper.

Judgment of sentence affirmed.

ROWLEY, J., concurs in the result.

BROSKY, J., files concurring opinion.

BROSKY, Judge, concurring:

I concur and write to correct what I perceive to be a misstatement regarding the grounds that will support a conclusion that a sentence was excessive.

Appellant raises an issue of excessiveness of sentence. The majority faults appellant for not alleging an impermissible factor considered by the sentencing judge. While the consideration by the sentencing judge of an impermissible factor is grounds for this Court to require resentencing,[1] this is not the only way this remedy can be indicated. A sentence can also, simply, be excessive. See *Commonwealth v. Campolei*, 284 Pa.Super. 291, 292, 425 A.2d 818, 822 (1981). As I read appellant's brief this is exactly what he is arguing. Since I find his argument to be without merit, I join the majority in its rejection of it, but on different grounds.

<hr />

1. See, for example, *Commonwealth v. Calvert*, 463 Pa. 211, 344 A.2d 797 (1975).