517 A.2d 1311

**COMMONWEALTH of Pennsylvania**

v.

**Howard JOHNSON, Appellant.**

Superior Court of Pennsylvania.

Submitted June 23, 1986.

Filed Oct. 14, 1986.

Reargument Denied Dec. 15, 1986.

438

Marilyn C. Zilli, Assistant Public Defender, Harrisburg, for appellant.

Yvonne A. Okonieski, Deputy District Attorney, Harrisburg, for Com.

Before OLSZEWSKI, CERCONE, and HESTER, JJ.

OLSZEWSKI, Judge:

Appellant, Howard Johnson, challenges the denial of his petition for modification of sentence. On May 2, 1984, appellant was sentenced to five to ten years' imprisonment following his jury conviction on five counts of possession with intent to deliver involving heroin and preludin, and one count of possession of marijuana. Appellant argues that: (1) the charges were improperly joined for trial; (2) the trial court abused its discretion by refusing to allow *voir dire* as to whether any of the jurors or members of their families had ever been the victim of a crime; (3) evidence was improperly admitted at trial; (4) the trial court failed to utilize proper sentencing procedures; (5) trial counsel was ineffective; and (6) the evidence was insufficient to prove intent to deliver. We find appellant's arguments to be without merit, and affirm the judgment of sentence of the Dauphin County Court of Common Pleas.

The charges against appellant resulted when two searches of his residence revealed various controlled substances. The searches took place pursuant to warrant on November 11, 1982, and February 16, 1983. The warrants were issued on the basis of controlled buys. The November 11 search revealed heroin, cocaine, marijuana, and drug paraphernalia. On February 16, heroin, preludin and a large amount of cash, including marked bills from the preceding controlled buy, were found. The charges were joined for trial by May 12, 1983. When the case was called for trial on September 21, 1983, the deputy district attorney moved to sever an assault charge from the drug charges. At that time, appellant's counsel made an oral motion to sever the charges arising out of the two searches. That motion was denied.

■ We find no impropriety in the trial court's denial of appellant's motion to sever. The joinder of the informations was permissible under Pennsylvania Rule of Criminal Procedure 1127 and was compelled under Section 110 of the Crimes Code. *See Commonwealth v. Hude,* 500 Pa. 482,

458 A.2d 177 (1983). The Rules of Criminal Procedure provide that:

> Offenses charged in separate indictments or informations may be tried together if:
>
> (a) the evidence of each of the offenses would be admissible in a separate trial for the other and is capable of separation by the jury so that there is no danger of confusion; or
>
> (b) the offenses charged are based on the same act or transaction.

Pa.R.Crim.P. 1127(A)(1).

> (E)vidence of other crimes is admissible where it is relevant to prove (1) motive, (2) intent, (3) a common scheme or plan involving the commission of two or more crimes so closely related that proof of one tends to prove the other, (4) the identity of the accused as the perpetrator, or (5) the absence of mistake or accident.

*Commonwealth v. Travaglia*, 502 Pa. 474, 492, 467 A.2d 288, 297 (1983). One of the major elements of the charges against appellant was intent. Appellant was charged with possession with intent to sell and evidence of either crime would be admissible at a separate trial as tending to prove that intent. Additionally, the crimes are closely related in time and nature, and reflect a common scheme. There is, however, no danger of jury confusion because of the factual simplicity of the criminal episodes. The trial court did not abuse its discretion in refusing to sever the charges.

■ The trial court opinion contains an able analysis of our Supreme Court's decision in *Commonwealth v. Hude*, 500 Pa. 482, 458 A.2d 177 (1983). *See* lower court opinion at 4–6. The *Hude* Court "held that the compulsory joinder rule set forth (by the Court)[1] and Section 110 of the Crimes

---

**1.** *See Commonwealth v. Beatty,* 500 Pa. 284, 455 A.2d 1194 (1983); *Commonwealth v. Campana,* 455 Pa. 622, 314 A.2d 854, *cert. denied,* 417 U.S. 969, 94 S.Ct. 3172, 41 L.Ed.2d 1139 (1974); *Commonwealth v. Campana,* 452 Pa. 233, 304 A.2d 432, *vacated and remanded,* 414 U.S. 808, 94 S.Ct. 73, 38 L.Ed.2d 44 (1973).

Code [2] demands a single trial where the alleged transactions can properly be characterized as a 'single criminal episode.' " Lower court opinion at 5; *see Hude*, 500 Pa. at 487–88, 458 A.2d at 180. To determine whether acts are part of a single criminal episode the Court must consider the temporal sequence of events and the logical relationship between the acts. *Hude*, 500 Pa. at 487–89, 458 A.2d at 180. The incidents in the instant case were temporally related. They occurred barely three months apart. They are also logically related. The offenses present "a substantial duplication of factual, and ... legal issues...." *Hude*, 500 Pa. at 491, 458 A.2d at 181 (quoting Comment, *Commonwealth v. Campana and Section 110 of the Crimes Code: Fraternal Twins*, 35 U. of Pitts.L.Rev. 275, 286–287 (1973)). Since the acts were part of a single criminal episode, joinder was compulsory and severance was properly denied.

Appellant's second argument challenges the trial court's refusal on *voir dire* of the question whether any prospective juror or member of his family had ever been the victim of a crime. "The scope of voir dire is in the sound discretion of the trial judge." *Commonwealth v. Colson*, 507 Pa. 440, 461, 490 A.2d 811, 821 (1985) (citations omitted). *Voir dire* examination serves to determine whether a juror has formed a fixed opinion or is otherwise subject to disqualifi-

2. **Sec. 110. When prosecution barred by former prosecution for different offense.**

Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for the same offense) and the subsequent prosecution is for:

(i) any offense of which the defendant could have been convicted on the first prosecution;

(ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and was within the jurisdiction of a single court unless the court ordered a separate trial of the charge of such offense; ....

18 Pa.Cons.Stat.Ann.Sec. 110 (Purdon 1983).

cation. *Commonwealth v. Fulton*, 271 Pa.Super. 430, 413 A.2d 742 (1979). We have, in other cases, granted a new trial where a trial court abused its discretion and frustrated the purposes of *voir dire*. *See id.* The *Fulton* Court granted a new trial where the defendant was charged with rape and attempted murder, and the trial court refused to permit questioning as to whether any juror or member of his family had been involved with a rape or a proceeding involving a sexual crime. *Id.* In *Fulton*, this Court stated that:

> a natural adjunct to the accused's right to probe for prejudice is the right to inquire into past victimization among the jurors of crimes similar to those with which the defendant stands accused. Thus, a defendant charged with robbery has the right to ask the veniremen whether they or any member of their families have ever been the victim of robbery. *U.S. v. Poole*, 450 F.2d 1082 (3d Cir.1971). Similarly, the accused, on trial for aggravated assault, may ask the potential jurors if any have been the victim of a crime in the nature of an assault.

*Fulton*, 271 Pa.Superior Ct. at 433, 413 A.2d at 743. This was not the type of probative question that appellant sought to ask.

█ In the instant case, appellant was charged with various drug offenses. The trial court ruled that a question addressing victimization of any crime was too broad, and instructed appellant's counsel that a narrower question as to involvement with a drug-related crime would be permitted. Thus, the trial court not only acted within the bounds of its discretion, but also went a step further in ensuring appellant a fair and impartial jury by suggesting a limited and more appropriate question for *voir dire*. *See Commonwealth v. Davis*, 282 Pa.Super. 51, 422 A.2d 671 (1980).

Appellant next makes three arguments that certain evidence was improperly admitted at trial. Appellant first claims that physical evidence consisting of drugs and money seized at his residence should have been suppressed at trial. Appellant next protests the admission of opinion evidence

by two police officers. Finally, appellant argues that his right to a fair trial was denied by admission of evidence of other crimes.

■ Immediately prior to *voir dire*, appellant's counsel brought to the attention of the trial court what has been termed "a *pro se* motion to suppress" submitted by appellant. There were several problems with this motion: on its face it appears to deal with discovery, not suppression; it was submitted to the court by appellant *pro se* at a time when he was represented by counsel; and it was not timely. The trial court found the motion to be untimely and denied it. Under the facts of this case it was not an abuse of discretion for the trial court to deny appellant's motion as it did. Appellant was at this time and for nearly a month previous to commencement of trial represented by counsel, although different counsel than that he employed at arraignment. A careful review of the briefs and records in this case reveals that the motion has no merit and that no merit was apparent at that time. *See Commonwealth v. Brown*, 250 Pa.Super. 504, 378 A.2d 1262 (1977).

"Appellant argues that suppression should have been granted because the Commonwealth failed to reveal the informant's identity ..., because it failed to specify the type of search to which the informant was subjected prior to the alleged controlled buy and because the informant's reliability was not sufficiently detailed." Brief for appellant, p. 29. We disagree. There was abundant probable cause for issuance of the search warrants in this case. A controlled buy of heroin was made from appellant within 48 hours of the execution of the search on November 11, 1982. Appellant was observed to leave his residence and meet with the informant who immediately delivered the heroin to the surveillance officer. Another controlled buy preceded the February 16, 1983, search. The serial numbers of bills used in making the purchase were recorded on the face of that search warrant. There was no error in failing to suppress the fruits of these searches which were properly admitted at trial.

■ Appellant's second evidentiary argument also fails for lack of merit. The trial court did not err in permitting two police officers who had qualified as expert witnesses to give opinion evidence that appellant possessed the drugs with intent to deliver. Opinion evidence is admissible when the subject matter is distinctly related to a science, skill, or occupation beyond the knowledge or experience of the average layman. In these circumstances, the opinion of the witnesses possessing such knowledge is permitted as an aid to the jury. *Commonwealth v. O'Searo*, 466 Pa. 224, 352 A.2d 30 (1976). This is true even when the expert expresses an opinion on the ultimate issue before the jury. *Commonwealth v. Daniels*, 480 Pa. 340, 390 A.2d 172 (1978).[3] When opinion evidence is properly admitted, as in the instant case, it is then for the jury to determine its credibility. The jury is free to reject it, accept it, or give it some weight between the two. At the close of appellant's trial, the court correctly instructed the jury to that effect. The opinion evidence, thus properly admitted, offers no basis for overturning appellant's conviction.

■ Appellant's final argument under this issue is that evidence of other crimes was wrongfully admitted during the course of his trial. The "other crimes" appellant complains of are the controlled buys which led to issuance of the search warrants and the joinder of charges arising from the separate searches. We addressed the issue of admissibility of evidence of other crimes in our discussion of the joinder of charges. *See supra*, pp. 1313–14. Admission of

---

3. As the trial court observed:

*Commonwealth v. Bagley*, 296 Pa.Super. 43, 442 A.2d 287 (1982), relied on in appellant's brief, both sanctions and advises the use of expert testimony on the very issue facing the jury in this case. The police had seized eleven glassine bags containing a total of 15.3 grams of heroin. The Court noted: "Absent additional expert opinion ... the quantity of heroin seized in this case, despite the manner of its packaging, does not clearly support an inference of possession with intent to deliver." *Bagley*, 296 Pa.Superior Ct. at 51, 442 A.2d at 291. The *Bagley* opinion goes on to cite numerous cases in which expert opinion testimony was allowed on precisely the issue of possession with intent to deliver.

Lower Court Opinion at 11.

evidence concerning the various charges against appellant was clearly proper. Evidence of the controlled buys was admissible to prove intent. *See e.g., Commonwealth v. Travaglia,* 502 Pa. 474, 467 A.2d 288 (1983).

Appellant's fourth allegation of error is that the trial court improperly denied his motion for modification of sentence. Appellant's motion to modify sentence was timely filed by his trial counsel. The motion alleged that appellant had not been convicted of a crime in twelve years, had been cooperative throughout the instant proceedings, and was a drug addict willing to seek help to end his drug dependency. These statements were offered without proof and, in any case, do not demand a modification of appellant's sentence. Sentencing is within the discretion of the trial judge, whose decision will not be reversed absent an abuse of discretion. *Commonwealth v. Stafford,* 313 Pa. Super. 231, 459 A.2d 824 (1983). The lower court acted within its discretion in denying appellant's motion to modify sentence.

Appellant argues that his conviction should be reversed or his sentence modified on three allegations of ineffective assistance of counsel. Appellant claims that trial counsel was ineffective in: (1) failing to properly challenge appellant's sentence; (2) failing to file a motion to suppress evidence discovered in the searches of appellant's residence; and (3) eliciting testimony concerning a drug-related death at appellant's residence. In raising the issue of ineffectiveness of counsel, the burden is on appellant "to show (1) that counsel's performance was deficient, and (2) that the deficiency prejudiced the defense so as to deprive the (appellant) of a fair trial." *Commonwealth v. Bryant,* 349 Pa.Super. 358, 362, 503 A.2d 39, 41 (1986) (citing *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984)).

In challenging counsel's performance in the first prong of this test, appellant must show that the underlying issue has arguable merit. *See, e.g., Commonwealth v.*

*Garvin,* 335 Pa.Super. 560, 564–65, 485 A.2d 36, 38 (1984). Once this has been shown, a determination must be made as to "whether the particular course of action chosen had some reasonable basis which would effectuate the best interest of the client." *See, e.g., id.* (citing *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967)). Our Courts have consistently interpreted this to mean that counsel's assistance is constitutionally effective if the course of action counsel pursued had "some reasonable basis designed to effectuate his client's interests." *E.g., Bryant,* 349 Pa.Superior Ct. at 363, 503 A.2d at 42. It is only after counsel's performance has been shown to be deficient that we reach the second prong of the test in which appellant must show that counsel's deficiency caused him actual prejudice thereby depriving him of a fair trial. *Id.*

Initially, appellant alleges that trial counsel was ineffective for failing to request a pre-sentence investigation and for failing to raise five separate points of error in his motion for modification of sentence. We do not agree. The failure to request a pre-sentence report is not *per se* ineffective. *Commonwealth v. Broadwater,* 330 Pa.Super. 234, 479 A.2d 526 (1984). Ineffectiveness will only be found when the contents of the report would have caused the sentencing judge to impose a lesser sentence. *Id.,* 330 Pa.Superior Ct. at 246–48, 479 A.2d at 533. Appellant has shown neither of these requirements of ineffectiveness. Having failed to show that there was any arguable merit to the underlying issue, appellant has not met the burden of proving that his trial counsel's performance was deficient in this respect.

A thorough review of the record reveals that the remaining points of error that appellant would have had trial counsel raise in his motion for modification of sentence lacked arguable merit. Under these circumstances, it was not ineffective to fail to raise these issues. *See Garvin,* 335 Pa.Superior Ct. at 564–65, 485 A.2d at 38. The sentencing transcript reveals a lengthy dialogue between the sen-

tencing court and counsel for appellant. Counsel informed the court of mitigating circumstances and stressed the relative antiquity of appellant's prior convictions. The court stated that appellant's prior record did not appear to be of great significance.

Appellant's sentence of five to ten years' incarceration was well below the potential maximum sentence of fifteen years on each count. In fact, his sentence falls into the minimum range under the Sentencing Guidelines. As we discussed earlier, sentencing is vested in the sound discretion of the trial judge. *See, supra*, p. 1316. The lower court acted within its discretion in denying appellant's motion to modify sentence. *Id.* Nothing raised in this appeal changes this. Appellant's allegations of ineffective assistance of counsel for failing to properly challenge his sentence are fatally flawed. Appellant has not shown that the underlying issues have arguable merit. Since the sentence was well within the lower court's discretion, he also fails to show any prejudice from counsel's alleged deficiency.

■■■ Appellant's second challenge to counsel's effectiveness is that counsel failed to file a written motion to suppress evidence. Since we have already determined that the evidence was properly admitted, we cannot find that counsel was ineffective on this ground. There is no merit to appellant's underlying suppression claim. "Counsel will not be deemed ineffective for failing to assert a baseless claim." *Commonwealth v. Lyons*, 346 Pa.Super. 585, 589–90, 500 A.2d 102, 105 (1985).

■■■ Appellant's final allegation of ineffectiveness goes to trial counsel's elicitation of testimony concerning a drug-related death at appellant's residence. Counsel was clearly not ineffective in pursuing this line of questioning because it had an obvious, reasonable, and articulated basis to effectuating appellant's interest. The record reveals that trial counsel used this testimony to stress the fact that other people had access to appellant's residence, and to promote the argument that appellant ought not to be pun-

ished for possession of drugs belonging to those other people.[4]

Finally, appellant argues that the evidence was insufficient to prove intent to deliver. A careful review of the record in this case reveals ample evidence which would, and in this case did, allow a jury to determine that appellant was guilty of possession with intent to deliver.

Judgment of sentence affirmed.

4. The record reveals a relatively simple and direct trial strategy: infuse in the minds of the jury reasonable doubts as to who actually possessed and used the drugs. The testimony revealed that Kevin Johnson died of drug overdose *after* the execution of both warrants and therefore could have been the explanation for the presence of drugs. That the cause of death was by a drug overdose further indicates that Kevin was using drugs and that the amount of drugs found could have been consistent with personal consumption. The jury obviously rejected this theory and its decision cannot now be challenged under the guise of ineffectiveness of counsel.