J-S48029-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CEDRIC ANTONIO GLASS, | |
| Appellant | No. 330 MDA 2014 |

Appeal from the PCRA Order January 15, 2014
in the Court of Common Pleas of Lackawanna County
Criminal Division at No.: CP-35-CR-0001866-2011

BEFORE: DONOHUE, J., JENKINS, J., and PLATT, J.[*]

DISSENTING MEMORANDUM BY PLATT, J.:      **FILED FEBRUARY 09, 2015**

Because I conclude that Appellant has not shown that he is entitled to an evidentiary hearing, I respectfully dissent. I would affirm the decision of the trial court dismissing Appellant's PCRA.

> A PCRA court is only required to hold a hearing where the petition, or the Commonwealth's answer, raises an issue of material fact. When there are no disputed factual issues, an evidentiary hearing is not required. If a PCRA petitioner's offer of proof is insufficient to establish a *prima facie* case, or his allegations are refuted by the existing record, an evidentiary hearing is unwarranted.

***Commonwealth v. Eichinger***, --- A.3d ---, 2014 WL 7404546, at *23 (Pa. Super. December 31, 2014) (citations omitted).

---

[*] Retired Senior Judge assigned to the Superior Court.

Here, while correctly finding three of Appellant's four issues waived, the learned Majority remands for an evidentiary hearing on the remaining issue, claiming that the trial court should not have dismissed Appellant's PCRA petition without a hearing because "certain questions remain" about counsel's failure to request a PSI. (Majority, at 6; **see also** Majority, at 5). For the reasons discussed below, I disagree that Appellant has demonstrated that there are any issues of material fact with respect to his vague and bald claim that plea counsel was ineffective for failing to request a Pre-Sentence Investigation Report

In his *pro se* PCRA petition Appellant argued that plea counsel was ineffective for not requesting a PSI because counsel: "fail[ed] to inform [him] of severity of [his] guilty plea without having a pre-sentence investigation conducted first." (PCRA petition, 11/27/12, at 7). The record belies this claim, because it shows that the trial court informed Appellant of the maximum sentences and then sentenced him well below the statutory maximums in the standard range. (**See** N.T. Plea Hearing, 1/27/12, at 4, 6).

Further, at the plea hearing, Appellant stated that he was satisfied with counsel's representation; made no objection to proceeding to immediate sentencing; and requested that the sentencing court make him eligible for either boot camp or RRRI, and the sentencing court granted that request. (**See id.** at 3, 5-6). Following sentencing, Appellant asked the

court to explain the sentence, which it did; Appellant then thanked the court. (*See id.* at 6-7).

The statements made during a plea colloquy bind a criminal defendant. *See Commonwealth v. Muhammad*, 794 A.2d 378, 384 (Pa. Super. 2002). A defendant cannot assert grounds for withdrawing the plea that contradict statements made at that time. *See Commonwealth v. Stork*, 737 A.2d 789, 790-91 (Pa. Super. 1999), *appeal denied*, 764 A.2d 1068 (Pa. 2000). Thus, Appellant cannot now assert that counsel was ineffective for failing to request a PSI. *See Muhammad*, *supra* at 384; *Stork*, *supra* at 790-91.

Further, to the extent it can be determined from Appellant's vague argument, he appears to claim that plea counsel was ineffective for failing to insist on a PSI because: (1) "necessary information" was not presented to the sentencing court; (2) and the sentencing court "sentenced [Appellant] to a period of incarceration of more than one (1) year". (Appellant's Brief, at 15-16). Appellant never specifies what "necessary information" was lacking or how that information would have caused the trial court to impose a lesser sentence. *See id.*; *see also Commonwealth v. Johnson*, 517 A.2d 1311, 1317 (Pa. Super. 1986) (counsel only ineffective for failing to request PSI where contents of report would have caused sentencing court to impose lesser sentence).

Moreover, I note that Appellant did not file a post-sentence motion or direct appeal challenging the discretionary aspects of sentence. Neither does Appellant contend that plea counsel was ineffective for failing to file a direct appeal challenging the discretionary aspects of sentence.

It is settled that bald allegations of ineffective assistance of counsel do not entitle an appellant to relief. *See Commonwealth v. Timchak*, 69 A.3d 765, 774 (Pa. Super. 2013). Here, because Appellant has offered nothing but vague allegations that a PSI was necessary, I do not believe he has met the threshold for holding an evidentiary hearing. *See Timchak*, *supra* at 774; *McLaurin*, *supra* at 1135-36; *Johnson*, *supra* at 1317. Therefore, I would affirm the decision of the trial court.