J-S39038-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERIK FINNEGAN | : | |
| | : | |
| Appellant | : | No. 3324 EDA 2019 |

Appeal from the PCRA Order Entered October 21, 2019
In the Court of Common Pleas of Bucks County Criminal Division at
No(s):  CP-09-CR-0002039-2016

BEFORE:  LAZARUS, J., OLSON, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                    **FILED SEPTEMBER 8, 2020**

Erik Finnegan (Finnegan) appeals the order of the Court of Common Pleas of Bucks County (PCRA court) summarily denying his petition filed pursuant to the Post-Conviction Relief Act (PCRA).[1]  He argues that his counsel was ineffective at the plea and appellate stages of his case, and that the PCRA court erred in denying him an evidentiary hearing and bail pending appeal. We affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

**I.**

This case began in October 2016 when a Kohl's Department Store reported a retail theft to police.[2]  Loss prevention officers saw that Finnegan appeared to have taken a video game system into a fitting room and left the fitting room without it.  However, a notebook Finnegan was carrying seemed to be bulging after he left the fitting room, suggesting that he had removed the video game system from its packaging and hidden it with intent to commit a theft.

The loss prevention officers followed Finnegan out of the store and Finnegan drove away before they could confirm their suspicions.  The loss prevention officers noted the license plate number of the vehicle Finnegan was driving.  Police then traced that number to Finnegan and charged him with retail theft and several traffic related offenses.

Finnegan later entered a counseled guilty plea to retail theft (18 Pa.C.S. § 3929(a)); receiving stolen property (18 Pa.C.S. § 3925(a)); driving as a habitual traffic offender (75 Pa.C.S. § 6503.1); driving while operating privilege is suspended or revoked (75 Pa.C.S. § 1543(a), (b)(1)); and driving without a license (75 Pa.C.S. § 1501).  He was sentenced to an aggregate term of three-and-one-half to seven years, followed by a consecutive term of

---

[2] The underlying facts are gleaned from the certified record.

90 days.[3]  As to the habitual offender count, the trial court imposed a fine of $5,000, and as to the suspended license count, a fine of $500 was imposed.

With the benefit of counsel, Finnegan timely filed a motion for a new trial, a motion for reconsideration of his sentence and a petition for appointment of PCRA counsel.  That same day, Finnegan also filed a *pro se* motion to reconsider/modify the sentence, a motion to withdraw guilty plea, a PCRA petition and a notice of appeal.  As Finnegan was represented by counsel at the time these *pro se* filings were submitted, they were not addressed by the trial court.[4]

After holding a hearing on Finnegan's counseled motions, the trial court denied them.  Finnegan then again filed a notice of appeal and we affirmed the judgment of sentence.  ***See Commonwealth v. Finnegan***, 1068 EDA 2017 (Pa. Super. June 18, 2018).  One of the main grounds we rejected in that direct appeal was Finnegan's claim that he had misunderstood the plea terms and entered a guilty plea involuntarily.

_____

[3] This term was concurrent to a sentence imposed in an unrelated case docketed at CP-09-CR-2909-2016, which concerned one count of abusing a corpse (18 Pa.C.S. § 5510).  Finnegan's PCRA claims initially encompassed his plea as to that case, as well as a related probation violation case (CP-09-CR-1211-2013), but he subsequently withdrew the claims as to those two other matters, deciding to proceed only as to the above-captioned docket number.

[4] ***See Commonwealth v. Ali***, 10 A.3d 282, 293 (Pa. 2010) (barring criminal defendants from engaging in hybrid representation).

Finnegan filed a *pro se* PCRA petition,[5] raising five grounds and counsel was appointed to represent him.[6] PCRA counsel submitted a **Turner**/**Finley** "no merit" letter[7] and requested to withdraw from the case. Agreeing that none of the issues in Finnegan's petition warranted relief, the PCRA court entered a notice of intent to dismiss the petition pursuant to Pa.R.Crim.P. 907.

Finnegan's PCRA petition was summarily denied and counsel was permitted to withdraw.[8] In the order on review, the PCRA court determined that Finnegan's claims were without merit, previously litigated or waived. **See** 1925(a) Opinion, 2/13/2020, at 8-14.

Finnegan filed a timely notice of appeal as to those rulings, along with a motion for bail pending appeal, which was denied. In his brief, Finnegan

---

[5] Because Finnegan filed his *pro se* PCRA petition while his direct appeal was still pending, the PCRA court took no action with respect to the petition until the judgment of sentence became final on December 19, 2018. **See Commonwealth v. Finnegan**, 470 MAL 2018 (Pa. 2018) (denying petition for allocator).

[6] PCRA counsel was also appointed to represent Finnegan in two other matters in which he had sought post-conviction relief, neither of which are at issue in the present appeal.

[7] **See Commonwealth v. Turner,** 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 479 A.2d 568 (Pa. Super. 1984).

[8] The order granting PCRA counsel's petition to withdraw was not entered separately into the case docket, but rather appears to have been attached to the order denying Finnegan's PCRA petition dated October 21, 2019.

now asserts the following grounds, which we condense, re-order and re-word, as follows:

> 1.     Did the PCRA court err in denying Finnegan's request for relief pursuant to the PCRA without an evidentiary hearing?
>
> 2.     Was plea counsel ineffective for allowing Finnegan to proceed to sentencing without the aid of a pre-sentence investigation and/or a psychiatric and psychological examination pursuant to Pa.R.Crim.P. 702?
>
> 3.     Were plea counsel and appellate counsel ineffective in failing to prepare Finnegan for allocution prior to sentencing and the post-trial reconsideration hearing, respectively?
>
> 4.     Was appellate counsel ineffective on direct appeal for failing to raise plea counsel's ineffectiveness?
>
> 5.     Were plea counsel and appellate counsel ineffective in failing to challenge the imposition of fines when no inquiry was made into Finnegan's ability to pay?
>
> 6.     Did the PCRA court abuse its discretion by denying Finnegan bail pending appeal?

*See* Appellant's Brief, at 5-6, 33.

## II.

### A.

Finnegan's first claim concerns whether the PCRA court erred in denying his ineffectiveness claims without an evidentiary hearing.  He contends that had such a hearing occurred, he would have been able to question his plea counsel and appellate counsel to establish their deficient performance.  *See* Appellant's Brief, at 14.

A hearing is only necessary where a PCRA petition has raised "material issues of fact." Pa.R.Crim.P. 908(A)(2). "A PCRA court may decline to hold a hearing if the petitioner's claim is patently frivolous and without a trace of support in either the record or from other evidence." ***Commonwealth v. Jordan***, 772 A.2d 1011, 1024 (Pa. Super. 2001); ***see also*** Pa.R.Crim. P. 907(2) (permitting summary dismissal where petitioner is given notice of court's intent to dismiss and court finds there is no genuine issue of fact as to the claims).

"The controlling factor in determining whether a petition may be dismissed without a hearing is the status of the substantive assertions in the petition." ***Commonwealth v. Weddington***, 522 A.2d 1050, 1052 (Pa. 1987)); ***see also Commonwealth v. Sneed***, 45 A.3d 1096, 1107 (Pa. 2012) (explaining that a PCRA hearing is only necessary "when [a petitioner's] proffer establishes a colorable claim about which there remains a material issue of fact.").

Here, the PCRA court did not err in summarily denying Finnegan's claims because he was given advance notice of the PCRA court's intent to dismiss the petition. As discussed in more detail below, none of Finnegan's substantive grounds for PCRA relief established a colorable claim as to a material issue of

fact. The PCRA court acted within its discretion[9] in determining that all of Finnegan's claims were meritless or procedurally barred.

**B.**

Finnegan argues in his first substantive ground that his plea counsel was ineffective due to misleading him about the conditions of his plea; not requesting a pre-sentence investigation report (PSI); and not requesting a psychiatric or psychological examination. To prevail on those ineffectiveness claims, Finnegan had to show:

> (1) that the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) that, but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.

*Commonwealth v. Spotz*, 896 A.2d 1191, 1209-10 (Pa. 2006) (citing *Commonwealth v. Pierce*, 527 A.2d 973, 975 (Pa. 1987)).

A petitioner's inability to establish any one of the three prongs is fatal to the claim. *See Commonwealth v. Cook*, 952 A.2d 594, 605 (Pa. 2008). Further, a claim is only cognizable under the PCRA if it has not been previously waived or fully litigated on the merits. *See* 42 Pa.C.S. §9544.

---

[9] "In PCRA proceedings, an appellate court's scope of review is limited by the PCRA's parameters; since most PCRA appeals involve mixed questions of fact and law, the standard of review is whether the PCRA court's findings are supported by the record and free of legal error." *Commonwealth v. Pitts*, 981 A.2d 875, 878 (Pa. 2009).

An issue has been fully litigated if "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue[.]"). *Id*. at § 9544(a)(2). An issue has been previously waived "if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." *Id*. at § 9544(b).

Here, the PCRA court correctly determined that Finnegan had already fully litigated the voluntariness of his plea on direct appeal, precluding him from raising the same issue as an ineffectiveness claim. *See* 1925(a) Opinion, 2/13/2019, at 9-10. This Court held that Finnegan's plea was voluntary because during the plea colloquy, the trial court had stated all the plea terms, Finnegan indicated that he understood them, and there was no evidence in the record to the contrary. *See Finnegan*, 1068 EDA 2017, at 5-9. Thus, Finnegan cannot reassert that his plea was involuntary by couching it as an ineffectiveness claim because he has already fully litigated the issue as to whether he understood his plea terms.

Finnegan next claims that his plea counsel was ineffective by not seeking a PSI or a psychiatric and psychological examination, all of which are available at the trial court's discretion. *See* Pa.R.Crim.P. 702(A), (B). As noted by the PCRA court, Finnegan affirmatively waived the opportunity to seek a PSI and undergo such examinations when he pled guilty. *See* 1925(a) Opinion, 2/13/2019, at 10. The written plea colloquy which Finnegan signed and

- 8 -

initialed had clearly advised that he was agreeing not to avail himself of Rule 702. **See id**.

Additionally, even if Finnegan had not waived these claims, they were properly denied on the merits. For an ineffectiveness claim based on a failure to utilize Rule 702, a petitioner must plead and prove prejudice by showing there was a reasonable likelihood that had a PSI or an examination been done, he would have received a more favorable sentence. Finnegan falls short of carrying that burden because he has proffered no new information in his PCRA claims that was not already known to the trial court, much less new information that would have compelled a more favorable sentence. **See Commonwealth v. Johnson**, 517 A.2d 1311, 1317 (Pa. Super. 1986).

## C.

Finnegan's final ineffectiveness claim as to plea counsel is that he was not prepared for or advised of allocution prior to sentencing. This claim lacks merit because the trial court advised Finnegan of his right to allocution at the sentencing hearing, and Finnegan answered that he did not wish to exercise it. He stated further during the plea colloquy that he was of sound mind, that he understood the terms of his plea and that he was responsible for all of his decisions with respect to his plea.

A few months later, at the hearing on Finnegan's post-sentence motion for reconsideration, Finnegan was again advised of his right to allocution, and at that point, he opted to make a statement. In light of all these facts, there

is no legal or factual basis to support Finnegan's claim that the PCRA court erred in denying his claim of ineffectiveness. The record demonstrates that Finnegan was made aware of his right to allocution and that he had ample opportunity present at the trial court with whatever information he wished. The denial of this claim must stand.

**D.**

Finnegan's claims of ineffective appellate counsel have no merit. To the extent that these claims arise from appellate counsel's failure to raise plea counsel's ineffectiveness on direct appeal, such "layered" claims were properly denied.[10] In order to prevail on a layered claim of ineffectiveness, a petitioner must show that both plea counsel and appellate counsel were ineffective:

> [A] petitioner must plead in his PCRA petition that his prior counsel, whose alleged ineffectiveness is at issue, was ineffective for failing to raise the claim that the counsel who preceded him was ineffective in taking or omitting some action. In addition, a petitioner must present argument . . . on the three prongs of the **Pierce** test as to each relevant layer of representation.

---

[10] To the extent that Finnegan asserts that appellate counsel was directly ineffective during the post-sentence proceedings, such claims would be waived or meritless for the same reasons applicable to plea counsel. For example, Finnegan argues that appellate counsel should have sought to seek a PSI and medical evaluation in support of his post-sentence motion for consideration of the sentence. As already noted, however, Finnegan had previously waived the ability to seek a PSI and medical evaluation as a condition of his plea, and there is no record evidence showing that such action would have been of any avail. Similarly, Finnegan's claim that appellate counsel failed to prepare him for allocution at the hearing on his post-sentence motions is devoid of any clear legal or factual basis for relief. The PCRA court, therefore, did not err in denying these claims.

*Commonwealth v. McGill*, 832 A.2d 1014, 1023 (Pa. 2003).

Since Finnegan cannot establish any deficient performance by his counsel at the plea stage, the layered ineffectiveness claims against appellate counsel likewise have no merit. Appellate counsel could not have been ineffective for failing to raise meritless grounds on direct appeal. *See Spotz*, 896 A.2d at 1210.

## III.

We now consider two claims that Finnegan raises for the first time in his appellate brief. Finnegan challenges the trial court's imposition of monetary fines in the judgment of sentence as well as the PCRA court's denial of his petition for bail pending the outcome of the present appeal. Both claims are procedurally barred.

## A.

As to the fines claim, Finnegan argues that his plea and appellate counsel were ineffective for not requesting a hearing on his ability to pay. During sentencing proceedings following Finnegan's plea, the trial court imposed a total of $5,500 in fines despite that there had been no inquiry into Finnegan's finances, as is required by 42 Pa.C.S. § 9726(c)(1); *see also Commonwealth v. Ford*, 217 A.3d 824, 828 (Pa. 2019) ("[A] sentence is

illegal when the record is silent as to the defendant's ability to pay the fine imposed.").[11]

This claim is waived because Finnegan did not raise the issue in his PCRA petition or include it in his 1925(b) statement. *See* 1925(b)(4). Although such a claim is considered to be "non-waivable" for the purposes of direct appeal, *see Ford*, 217 A.3d at 830-31, Finnegan still had to raise the issue before the PCRA court in order for it to be cognizable on appeal from the denial of PCRA relief. *See Commonwealth v. Concordia,* 97 A.3d 366, 372 (Pa. Super. 2014) ("[W]hile challenges to the legality of a defendant's sentence cannot be waived, they ordinarily must be raised within a timely PCRA petition."); *Commonwealth v. Childs,* 63 A.3d 323, 325 (Pa. Super. 2013) (stating that a claim contesting the authority of the sentencing court to impose fees and costs constitutes a challenge to the legality of the sentence). Thus, the claim is barred.

### B.

Finnegan next challenges the PCRA court's denial of bail pending appeal. The PCRA court did not err in denying such relief because its "power to set bail is [only] valid until the defendant's direct appeal rights are exhausted." *Commonwealth v. Dunleavy*, 805 A.2d 562, 565 (Pa. Super. 2002). "The

---

[11] The statute provides that a defendant cannot be ordered to pay a fine unless it appears of record that he can or will be able to pay it. *See* 42 Pa.C.S. § 9726(c)(1).

intent of this rule is to continue the validity of the bail bond through all avenues of direct appeal in state courts, but to exclude any post-conviction collateral proceedings." *Id*. (quoting ***Commonwealth v. McMaster***, 730 A.2d 524, 527 (Pa. Super. 1999)). Finnegan's direct appeal concluded on December 19, 2018, when the Pennsylvania Supreme Court denied his petition for allocator. Thus, the PCRA court did not err in denying bail.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/08/2020