406 A.2d 556

**COMMONWEALTH of Pennsylvania**

v.

**Harold Groff DIMITRIS, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 23, 1976.

Decided June 15, 1979.

Alan Linder, Lancaster, for appellant.

Louise G. Herr, Assistant District Attorney, Lancaster, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

SPAETH, Judge:

This appellant has been before us previously on two appeals, which we consolidated. On one appeal—based on convictions by a jury of burglary and larceny, corrupting the morals of a minor, and filing a false criminal report—we held that appellant had been denied effective counsel. We therefore reversed and remanded for a new trial. *Commonwealth v. Dimitris*, 247 Pa.Super. 486, 372 A.2d 930 (1977). That appeal is not at issue here. On the other appeal— based on a guilty plea to counts of sodomy, contributing to the delinquency of a minor, and violation of the Liquor Code—we held that appellant had waived his claims. *Id.* However, the Supreme Court granted allocatur, and finding no waiver, reversed and remanded the case to this court to decide the merits of the appeal. *Commonwealth v. Dimitris*, 484 Pa. 153, 398 A.2d 990 (1979). We shall do so now.

Appellant argues that he was denied effective counsel when his counsel at his guilty plea hearing failed to alert the court to evidence that indicated possible incompetency to plead guilty. Appellant asks that his guilty plea therefore be set aside. His argument overlaps to a great extent the argument made—successfully—on his other appeal. There we decided that appellant had an arguably meritorious claim of incompetency to stand trial on September 28, 1973, be-

cause of a suicide attempt on July 28, 1973, a subsequent letter from a prison physician recommending that appellant be given a psychiatric examination, and a petition by the prison warden asking that appellant be committed to a mental institution. We discussed whether appellant's counsel could have had a reasonable basis for not advancing the claim of incompetency. *See, Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977). We found that counsel had made statements that indicated he thought appellant less than competent, and had given no indication of what he was relying on, to the extent that he seemed to think (at other times) that appellant *was* competent. Therefore, we concluded, counsel could not have had a "reasonable basis."

The test to be applied to determine the competency of a guilty plea (like the test to determine competency to stand trial) is whether the defendant is able to comprehend his position as the one accused of the crime and to cooperate with his counsel in making a rational defense. *Commonwealth v. Melton*, 465 Pa. 529, 351 A.2d 221 (1976). Here, at the time of his plea on January 22, 1974, appellant had an arguably meritorious claim of incompetency, for the reasons we discussed in *Commonwealth v. Dimitris, supra.*

We must ask next whether counsel had a reasonable basis for not advancing this claim; this question is not foreclosed by our previous decision, because counsel at the guilty plea was different from counsel at trial. At his post conviction hearing, appellant testified that he told his guilty plea counsel about his attempt at suicide, "what had happened and everything." N.T. 50–51. Appellant also testified that counsel "did suggest one time out at the Lancaster County Prison to me that why didn't [counsel] do it [recommend a psychiatric evaluation]. He did ask that to me out there. I said I don't know nothin' about it." N.T. 64. Thus counsel appears to have recognized the arguable merit of such a petition; as in our previous decision, "we are at a loss to imagine what reasonable basis counsel could have had for

not contesting appellant's competency." *Commonwealth v. Dimitris*, 247 Pa.Super. at 493, 372 A.2d at 933.[1]

Order and judgment of sentence reversed; case remanded for trial.[2]

VAN der VOORT, J., concurs in the result.

JACOBS, J., did not participate in the consideration or decision of this case.

1. Guilty plea counsel did not testify at the post conviction hearing, because he was in India. The lower court questioned both the Commonwealth and appellant as to the advisability of continuing proceedings until counsel returned, but neither side thought that necessary. N.T. 85–86.

2. On appellant's other appeal we discussed the possible remedy of holding a hearing on the question of appellant's competency at the time of trial. We held that that remedy would not sufficiently safeguard appellant's due process rights. *Commonwealth v. Dimitris*, 247 Pa.Super. at 493, n. 6, 372 A.2d at 933, n. 6. The same is so here.