479 A.2d 526

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Lee Charles BROADWATER.**

Superior Court of Pennsylvania.

Submitted July 26, 1983.

Filed June 15, 1984.

Petition for Allowance of Appeal Denied Oct. 2, 1984.

Joseph C. Madenspacher, Assistant District Attorney, Lancaster, for Commonwealth, appellant.

Timothy J. Reese, Lancaster, for appellee.

Before ROWLEY, BECK and MONTEMURO, JJ.

ROWLEY, Judge:

This is an appeal by the Commonwealth from the trial court's order granting appellee's claim for relief pursuant to the Post Conviction Hearing Act (hereinafter "PCHA").[1] Appellee, Charles Broadwater, filed a PCHA petition claiming that ineffective assistance of trial counsel resulted in: 1) his entry of a guilty plea that was not knowingly and voluntarily tendered, and 2) impropriety in the sentencing procedure. The PCHA court granted relief in the form of vacating appellee's sentence and granting him a new trial. The Commonwealth has appealed. We reverse.

On March 5, 1972, several hours after killing a man in Schuylkill County, appellee was stopped by police officers in Lancaster County because of his erratic driving. He was given a citation for "underage drinking". During the course of the officers' investigation, appellee managed to disarm the police officers and confiscate their weapons. He then forced the two officers to drive him around Lancaster County while he sat in the back seat of their vehicle pointing one of the loaded revolvers at the backs of their heads. Later that morning, however, the officers subdued appellee and placed him under arrest. Subsequently, appellee was charged in Lancaster County with kidnapping, pointing a deadly weapon, violation of the Uniform Firearms Act and two counts of robbery.

Appellee, on September 17, *1973*, immediately prior to the commencement of trial, entered a counseled guilty plea in Lancaster County to the charges of (1) pointing a deadly weapon, (2) one count of armed robbery, and (3) kidnapping. The plea was entered as part of a plea bargain whereby the

1. Post Conviction Hearing Act, Act of January 25, 1966, P.L. 1580 (1965), § 1 et seq., 19 P.S. § 1180–1 et seq., *repealed,* Act of April 28, 1978, P.L. 202, No. 53, § 2(a) (1397) effective June 27, 1980, *as amended* by Act of June 26, 1980, P.L. 265, No. 77, § 2 delaying repeal until June 27, 1981, *as further amended* by the Act of June 26, 1981, P.L. 123, No. 41, § 1 delaying repeal until June 26, 1982, *repealed* by Act of May 13, 1982, P.L. 587, No. 1982–122, § 3, *replaced* by 42 Pa.C.S. § 9541 et seq.

Commonwealth agreed to nol prosse the additional charges of robbery and violation of the Uniform Firearms Act. Immediately after entry of the plea, appellee was sentenced. He was sentenced to five to ten years imprisonment for robbery; one to two years imprisonment for kidnapping (consecutive); and one year for pointing a deadly weapon (concurrent). The Lancaster County sentence for robbery was made consecutive to a ten to twenty year sentence for murder imposed by the Court of Common Pleas of Schuylkill County.

Appellee filed a *pro se* PCHA Petition on *March 25, 1981*, claiming that ineffective assistance of counsel resulted in an unlawfully induced guilty plea. On March 26, 1981, new counsel was appointed to represent appellee. A hearing on the petition was held on December 8, 1981. Three months later appellee became eligible for parole from his Schuylkill County sentence. Following the vacation of his sentence in Lancaster County, appellee was released on bail on the Lancaster County charges and was released on parole from the Schuylkill County sentence.

The Commonwealth claims on appeal that the trial court erroneously allowed appellee to withdraw his guilty plea in light of the court's finding that trial counsel was *not* ineffective. Therefore, the Commonwealth contends, appellee was entitled at most to relief in the form of resentencing, and not to relief in the form of withdrawal of his guilty plea.

■ It is well settled that where a guilty plea has been entered, all grounds of appeal are waived except challenges to the voluntariness of the plea and the jurisdiction of the court. Charges of ineffectiveness of counsel in connection with a guilty plea serve as a basis of relief only upon a showing of a causal nexus between the alleged ineffectiveness and the entry of an unknowing or involuntary plea. *Commonwealth v. Chumley,* 482 Pa. 626, 394 A.2d 497 (1978); *Commonwealth v. Williams,* 496 Pa. 486, 437 A.2d 1144 (1981); *Commonwealth v. Fultz,* 316 Pa.Super. 260, 462 A.2d 1340 (1983).

■ The test of trial counsel's ineffectiveness is also well established. The initial inquiry is whether the matter counsel is charged with failing to pursue had arguable merit, and if so, whether counsel's failure to pursue it had some reasonable basis. *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967); *Commonwealth v. Fultz, supra; Commonwealth v. Upsher*, 497 Pa. 621, 444 A.2d 90 (1982); *Commonwealth v. McFadden*, 300 Pa.Super. 299, 446 A.2d 624 (1982).

Instantly, the trial court, while granting appellee the relief of vacating his sentence and a new trial, concluded that the plea colloquy met pre Ingram Standards, and also determined "that counsel's alleged ineffectiveness was not the cause of [appellee's] guilty plea" (Opinion, at 2). The PCHA court granted the relief, however, on the basis of four factors: (1) its opinion that the plea colloquy contained a garbled statement about the maximum possible sentence; (2) a pre-sentence report was never produced, and if it had been produced it might have reduced the sentence; (3) the age of the accused, which was nineteen at the time of the sentencing; and (4) the failure of the record to show a "proper allocution". Reasons (2), (3) and (4), obviously, refer only to the validity of appellee's sentence. Reason (1) is the only one that has any relevance to the validity of the plea.

■ We note that none of these issues is waived, as the Government contends, for failure to file post-sentence motions or take a direct appeal. Although, generally, issues that could have been raised on direct appeal and are not so raised are considered waived, the waiver rule does not apply when the issues are incorporated in a petition for PCHA relief grounded ·on ineffectiveness of counsel. *Commonwealth v. Dimitris*, 484 Pa. 153, 398 A.2d 990, on remand 267 Pa.Super. 137, 406 A.2d 556 (1979); *Commonwealth v. Belleman*, 300 Pa.Super. 209, 446 A.2d 304 (1981). Here, effectiveness of prior counsel is being raised at the earliest stage in the proceedings at which the counsel whose effectiveness is being challenged no longer represents the ac-

cused. Therefore, there is no waiver. *Commonwealth v. Hubbard,* 472 Pa. 259, 372 A.2d 687 (1977); *Commonwealth v. Pittman,* 295 Pa.Super. 234, 441 A.2d 436 (1982).

■ In reviewing the PCHA court's grant of relief, we must determine whether the court's determination is supported by evidence of record and is otherwise free of legal error. *Commonwealth v. Stanton,* 294 Pa.Super. 516, 526, 440 A.2d 585, 590 (1982); *see also Commonwealth v. Costanzo,* 309 Pa.Super. 267, 455 A.2d 153, 154 (1983). We therefore review the record to see whether it supports the trial court's determination that appellee was entitled to vacation of his sentence *and* a new trial.

We find that the court erred in setting aside appellee's plea and granting him a new trial. Trial counsel was not ineffective with respect to appellee's entry of a guilty plea but, even assuming such ineffectiveness, the trial court correctly determined such ineffectiveness did not cause appellee's plea to be entered. In addition, we are not persuaded that trial counsel was ineffective for failing to secure and present a copy of a pre-sentence report, prepared in Schuylkill County, to the sentencing judge in Lancaster County. Consequently, the PCHA court erred in vacating appellee's sentence.[2]

[6] Initially, we point out that appellee, as a result of a plea bargain, entered a plea of guilty to a series of violent crimes on September 17, 1973, more than ten years ago. Some seven and one-half years later, on March 25, 1981, appellee, for the first time, challenged the validity of his plea and sentence and the constitutional effectiveness of his counsel. In *Commonwealth v. Shaffer,* 498 Pa. 342, 446 A.2d 591 (1982), Mr. Justice (later Chief Justice) Roberts, in a concurring opinion joined by then Chief Justice O'Brien

2. Our review of the record in this case reveals that counsel properly advised the sentencing judge that appellee was only nineteen. Furthermore, the record does not demonstrate that appellee was denied his right of allocution prior to sentencing. Thus, counsel could not have been ineffective regarding these claims, and neither claim was sufficient to justify the grant of PCHA relief.

and Justice (now Chief Justice) Nix, expressed the opinion that an unexplained delay of three years and seven months by appellant in challenging his guilty plea barred consideration of his claim on the merits. *Id.*, 498 Pa. at 354, 446 A.2d at 597. Where, as here, the delay is twice as long, we find appellee's challenge to the entry of his guilty plea clearly unreasonable. Recognizing, however, that Justice Robert's opinion in *Shaffer* did not command a majority of the Supreme Court, we consider the merits of appellee's claim.

■ In considering a petition to withdraw a guilty plea after sentencing, it is well established that there must be a "showing of prejudice on the order of manifest injustice" before withdrawal is properly justified. *Commonwealth v. Starr*, 450 Pa. 485, 490, 301 A.2d 592, 595 (1973). A more substantial burden must be sustained when an attempt to withdraw a guilty plea is made after sentencing, as opposed to before sentencing, because of the recognition that a plea withdrawal can be used as a sentence-testing device. *Commonwealth v. Shaffer*, 498 Pa. 342, 346, 446 A.2d 591, 593 (1982); *Commonwealth v. Starr*, 450 Pa. at 489, 310 A.2d at 594.

■ Appellee's PCHA petition alleged that his guilty plea was not validly tendered because it was not knowing and voluntary. At the guilty plea colloquy, the following exchange between the trial judge and appellee ensued:

THE COURT: On these various charges of Robbery, Robbery carries a penalty of a maximum penalty of ten thousand dollars fine and twenty years in jail, do you understand that?

DEFENDANT: Yes, sir.

THE COURT: That could be imposed on each count and with reference to each of these charges they could be consecutive and not concurrent as to each other and also to any charges for which you are now serving a sentence, do you understand how a sentence can be imposed?

DEFENDANT: Yes, sir.

THE COURT: *Or you could have the maximum sentence which I am going to inform you as one to two years which I have determined that would be the maximum sentence, do you understand that?*

DEFENDANT: *Yes, sir.*

THE COURT: On pointing a deadly weapon the maximum under our Act of Assembly is five hundred dollars fine and one year in jail, do you understand that?

DEFENDANT: Yes, sir.

THE COURT: Mr. Broadwater, are these pleas that you are making today or this plea of guilty which you are asking the Court to accept, is that your own free will and desire and is it voluntarily and intelligently made by you with the advice of counsel?

DEFENDANT: Yes, I talked to my attorney and we decided it would be the best thing.

THE COURT: Are you satisfied with the services rendered to you by Mr. Patton, your defense counsel?

DEFENDANT: Yes, sir, I am.

N.T. September 17, 1973 at 5–6.

We are not required to review challenges to a guilty plea colloquy merely to determine whether all "legalistic formulations" have been complied with. Technicalities are not to be exalted over substance. On the contrary, the focus of the inquiry is whether, in fact, the accused was misled or acted under the influence of inaccurate or incorrect information. That determination is to be made on the basis of all the information disclosed by the record. When we review the proceeding passage from the colloquy, it is clear that appellee understood that there was a possibility that his sentence for robbery could be *ten to twenty years* imprisonment *added to* the sentence he was then serving on other charges.

If we were to limit our review, as appellee urges, to the one emphasized question and answer, we could not fault the trial court's conclusion that there may have been some uncertainty concerning the possible maximum sen-

tence.  However, we are to examine the *entire* record.  In view of the totality of the circumstances disclosed therein, it is clear that there was no confusion, uncertainty or misunderstanding on the part of appellee.  Later in the proceedings, the judge again asked appellee if he understood his rights, and appellee then questioned the trial judge.  In his question, appellee showed that he had correctly computed his total Lancaster and Schuylkill County sentences as being sixteen to thirty-two years imprisonment.  His continued silence for over seven (7) years in light of his immediate understanding of not only his Lancaster County sentence but its impact on his Schuylkill County sentence substantially weakens his present claim that he misunderstood.  Appellee understood that he was pleading guilty to *three* charges.  His trial counsel testified, without contradiction, that he had, prior to the plea hearing, gone over with appellee each charge, including, inter alia, the possible maximum sentence for each.  It is clear to us, that under the total circumstances disclosed by the entire record, that the emphasized question and answer refer *only* to the kidnapping charge and, furthermore, that appellee understood it.  In order for a guilty plea to be constitutionally valid, the guilty plea colloquy must affirmatively show that the defendant understood what the plea connoted and its consequences.  *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *Commonwealth v. Rodgers,* 465 Pa. 379, 350 A.2d 815 (1976); *Commonwealth v. Enty,* 442 Pa. 39, 271 A.2d 926, *cert. denied* 402 U.S. 913, 91 S.Ct. 1396, 28 L.Ed.2d 656 (1971); Pa.R.Crim.P. 319.  The validity of a plea should be determined by examining the totality of the circumstances surrounding the entry of the plea.  *Commonwealth v. Shaffer,* 498 Pa. at 350–351, 446 A.2d at 595; *Commonwealth v. Herberg,* 306 Pa.Super. 245, 452 A.2d 536, 538 (1982).

The transcript of the plea colloquy herein shows that appellee was aware of the nature and elements of the charges against him and the consequences of those charges. Before discussing the possible range of sentences, the judge

described each offense seriatim, and listed the facts underlying the offense in relation to the charge against appellee. Appellee argues that the judge's explanation of the minimum and maximum sentences led him to believe that he could be sentenced to a maximum of one to two years for the offenses charged. This argument fails. Although the judge's explanation of the potential sentences for each offense may have been confusing, we do not perceive that his statements actually misled appellee regarding his sentence. The judge advised appellee that the sentences could run consecutive to each other on each charge and further, that they could be consecutive to the sentence he was then serving pursuant to his conviction in Schuylkill County. Moreover, it is clear that appellee understood the possible range of sentences since he himself accurately described the number of years for which he could be imprisoned as ranging from sixteen to thirty-two years in his interrogatory to the judge at the close of his hearing. If he was confused about the entry of a guilty plea, the sentence imposed, or the conduct of his attorney, evidence of his concern is certainly not contained in the record of his hearing. Indeed, the transcript of the colloquy demonstrates that he was satisfied with the services of his attorney. *See Commonwealth v. Unger*, 494 Pa. 592, 432 A.2d 146 (1980).

On the record of this case, we find an absence of that manifest injustice required to justify the withdrawal of a guilty plea after sentencing. Consequently, the contention that trial counsel rendered ineffective assistance by failing to challenge the plea must necessarily fail. Trial counsel, arguably, could have challenged the guilty plea colloquy as not complying with guidelines set forth in Pa.R.Crim.P. 319 and case law before *Commonwealth v. Shaffer*, 498 Pa. 342, 446 A.2d 591 (1982). *See Commonwealth v. Martin*, 445 Pa. 49, 282 A.2d 241 (1971). Nonetheless, in light of our disposition of this claim, counsel's failure to pursue such a challenge certainly had a reasonable basis. Therefore, the PCHA court erred in granting

appellee a new trial on the basis of the record in this case. Moreover, we find the court's grant of a new trial inconsistent with its specific determination that trial counsel's ineffectiveness did not cause appellee to enter an unknowing and involuntary plea.

We next address trial counsel's alleged ineffectiveness regarding his failure to present a pre-sentence report that had been prepared in Schuylkill County, to the sentencing judge in Lancaster County. After appellee entered his plea, the sentencing judge asked defense counsel about the pre-sentence investigation and report in Schuylkill County. Counsel replied that he did not have a copy of the report and that he was uncertain as to whether he had access to it. Counsel requested that sentencing be deferred so that the judge could review the report and he stated that he would attempt to obtain it. He admitted that he had not read the report and that he was not sure whether it was beneficial. The transcript of the hearing indicates that trial counsel advised the judge of appellee's background, including his problems with alcohol abuse. Counsel also advised the judge that he had seen several psychological reports that had been prepared by the doctor who had performed psychological tests on appellee in Schuylkill County, but that the reports did not reveal a psychosis that would justify a plea of not guilty by reason of insanity. The judge indicated that he viewed the report and sentence in Schuylkill County as a matter separate from that in Lancaster County and he stated further that it was unlikely that anything in the report could change his evaluation since he was aware of appellee's background. As a result, he did not. defer sentencing until he had an opportunity to review the report, nor did he order an independent investigation in Lancaster County. Instead, he proceeded to sentence appellee on the pending counts.[3]

3. It is within the discretion of the trial judge to order a pre-sentence investigation, and at the time appellee was sentenced, there was no requirement that the judge place upon the record his reasons for dispensing with the pre-sentence investigation and report, nor was there a requirement that the judge provide an on-the-record rationale

■■■■■ We analyze appellee's claim that trial counsel was ineffective for failing to present the pre-sentence report to the judge in the same manner as a claim that trial counsel was ineffective for failing to call a particular witness or produce certain evidence at trial. The failure to call witnesses is not *per se* ineffectiveness of counsel. *Commonwealth v. Robinson*, 487 Pa. 541, 546, 410 A.2d 744, 746 (1982). In order to establish that trial counsel was ineffective for failing to call a certain witness, it must be shown not only that counsel had knowledge of the alleged witness, but also that the missing testimony would have been helpful. *See Commonwealth v. Jones*, 298 Pa.Super. 199, 444 A.2d 729 (1982) and cases cited therein.

■■■ In this case, the record at the PCHA hearing and the transcript of the plea colloquy reveal that counsel knew that a pre-sentence report had been prepared in another county and he was aware of its general contents. However, counsel had not read the report and thus, he was not certain that its contents would have been beneficial regarding the sentencing of appellee in Lancaster County. At the PCHA hearing, counsel testified that he felt it was in the discretion of the trial judge as to whether the report was necessary.

Trial counsel's failure to present the pre-sentence report on appellee's behalf could constitute ineffectiveness only if the contents of the report could have influenced the trial judge to impose a lesser sentence. However, the pre-sentence report was not introduced into evidence at the PCHA hearing, nor did appellee state in what manner the pre-sentence report could have aided his case. The record is devoid of a positive demonstration that the pre-sentence report could have effected the terms of sentence imposed. Under these circumstances, we cannot find that trial counsel was ineffective for failing to present the report to the sentencing judge. *See Commonwealth v. Pettus*, 492 Pa. 558, 424

for sentencing. *See Commonwealth v. Frankhouser*, 491 Pa. 171, 420 A.2d 396 (1980).

248

A.2d 1332 (1981). Therefore, appellee's sentence in Lancaster County was proper and will not be vacated.

Order reversed.