J-S48029-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CEDRIC ANTONIO GLASS | |
| Appellant | No. 330 MDA 2014 |

Appeal from the PCRA Order January 15, 2014
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s): CP-35-CR-0001866-2011

BEFORE: DONOHUE, J., JENKINS, J., and PLATT, J.[*]

MEMORANDUM BY JENKINS, J.:                    **FILED AUGUST 27, 2014**

Cedric Antonio Glass appeals from the order of the Court of Common Pleas of Lackawanna County dismissing his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S. § 9541, et seq. We remand to the PCRA court for the issuance of a 1925(a) opinion and we retain jurisdiction.

Glass was charged with six counts of delivery of a controlled substance,[1] one count of criminal use of a communication facility,[2] one count of resisting arrest,[3] one count of possession of a controlled substance,[4] one

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 Pa.C.S. § 780-113(a)(3).

[2] 18 Pa.C.S. § 7512(a).

[3] 18 Pa.C.S. § 5104.

count of possession of marijuana,[5] one count of possession of drug paraphernalia,[6] and one count of tampering with evidence.[7] On January 27, 2012, Glass pled guilty to criminal use of a communication facility, resisting arrest, and one count of possession of a controlled substance with the intent to deliver. N.T., 1/27/2012, at 3-4. The remaining charges were nolle prossed.

Following the guilty plea hearing, Glass's counsel requested immediate sentencing. N.T., 1/27/2012, at 5. The trial court sentenced Glass to an aggregate sentence of 39 to 78 months imprisonment followed by 4 years probation. *Id.* at 6. Trial counsel did not request, and the trial court did not order, a pre-sentence report. Glass did not file post-sentence motions or a direct appeal.

On November 27, 2012, Glass filed a *pro se* PCRA petition alleging ineffective assistance of counsel "for failure to inform [Glass] of the severity of [his] guilty plea without having a pre-sentence investigation conducted first." Motion for Post Conviction Collateral Relief, at p. 7. On April 23, 2013, the PCRA court appointed counsel. On July 9, 2013, PCRA counsel

_(Footnote Continued)_ ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾

[4] 35 Pa.C.S. § 780-113(a)(16)

[5] 35 Pa.C.S. § 780-113(a)(31)

[6] 35 Pa.C.S. § 780-113(a)(32).

[7] 18 Pa.C.S. § 4910(1).

filed a **Turner/Finley**[8] letter and a petition to withdraw as counsel. Counsel stated Glass's claim was that "counsel was ineffective as he received an illegal sentence." Letter to Judge Michael J. Barrasse, dated July 3, 2013, at p. 2 [hereinafter **Turner/Finley** Letter].[9] The letter noted the sentence was within the guidelines range and sentencing was within the trial court's discretion. **Id.** Further, the letter noted Glass admitted during the guilty plea colloquy that he understood the nature of the charges to which he was pleading guilty and the factual basis for the plea, understood the rights he was forfeiting, and knew the possible sentences that could be imposed. **Id.**, at 4. The **Turner/Finley** letter did not mention the pre-sentence report, or lack thereof.

On January 15, 2014, the PCRA court granted counsel's petition to withdraw and dismissed Glass's PCRA petition.[10] On February 10, 2014,

_____

[8] **Commonwealth v. Turner**, 544 A.2d 927 (Pa.1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988).

[9] The **Turner/Finley** letter is not paginated. All page numbers have been supplied by this Court.

[10] The PCRA court dismissed the petition without a hearing and without issuing notice of its intent to dismiss the petition without a hearing. However, where a **Turner/Finley** letter has been filed and served on the defendant, and where the court waits twenty days following the service of this letter, it can dismiss a PCRA petition without a hearing and without notice of its intent to do so. **Commonwealth v. Bond**, 630 A.2d 1281 (Pa.Super.1993); **see also Commonwealth v. Hopfer**, 965 A.2d 270, 271, 275 (Pa.Super.2009) (finding the procedure outlined in **Bond** did not apply where the PCRA court granted the request to withdraw and dismissed the petition less than 20 days after the petitioner received counsel's request to

*(Footnote Continued Next Page)*

Glass filed a notice of appeal. On February 25, 2014, the PCRA court appointed new counsel and ordered Glass to file a concise statement of errors complained of on appeal within 21 days of the order. Counsel filed a motion for extension of time to file the concise statement. On February 28, 2014, the PCRA court granted the extension, requiring counsel to file the concise statement on or before April 10, 2014. New counsel filed a concise statement on April 2, 2014. The PCRA court did not file an opinion as required by Pennsylvania Rule of Appellate Procedure 1925(a).

Glass raises the following issues on appeal:

A. Whether the trial court erred when the trial court dismissed the Appellant's Petition under the Pennsylvania Post Conviction Relief Act ("PCRA") when trial counsel failed to a file Petition for Reconsideration of Sentence.

B. Whether the trial court erred when it dismissed the Appellant's PCRA Petition when trial counsel failed to object to the Appellant being sentenced without a Pre-sentence Investigation.

C. Whether the trial court abused its discretion in sentencing the Appellant without a Pre-sentence Investigation Report.

D. Whether the trial court erred in not stating reasons for its sentence.

Appellant's Brief at 5.

_____

*(Footnote Continued)* ────────────

withdraw). Further, Glass did not object to the PCRA court's failure to issue a notice of intent to dismiss the petition and, therefore, waived the issue. ***Commonwealth v. Boyd***, 923 A.2d 513, 514 n.1 (Pa.Super.2007) (noting appellant waived any complaint of the court's failure to issue notice of its intent to dismiss the petition).

The only claim raised in Glass's PCRA petition was the second claim, i.e., counsel's ineffectiveness for failing to object to the lack of a pre-sentence report. Accordingly, Glass's first, third, and fourth claims are waived. *See, e.g., Commonwealth v. Albrecht*, 720 A.2d 693, 701 (Pa.1998) (claim waived where not raised in PCRA petition).

Glass's second claim maintains trial counsel was ineffective for failing to request a pre-sentence report. The *pro se* PCRA petition phrased the issue as counsel ineffectiveness for failing to inform Glass of the severity of his guilty plea without a pre-sentence report.[11] Construing Glass's *pro se* pleading liberally, we find he claimed counsel was ineffective for failing to request a presentence report. *See Commonwealth v. Adams*, 882 A.2d 496, 498 (Pa.Super.2005) ("Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant").

Our standard of review from the denial of post-conviction relief "is limited to examining whether the court's determination is supported by the evidence of record and whether it is free of legal error." *Commonwealth v. Ousley*, 21 A.3d 1238 (Pa.Super.2011) (citing *Commonwealth v. Morales*, 549 Pa. 400, 701 A.2d 516, 520 (1997)).

---

[11] PCRA counsel phrased the issue as counsel was ineffective "as he received an illegal sentence." *Turner/Finley* Letter at 2.

For ineffective assistance of counsel claims, the petitioner must establish: "(1) that the underlying claim has merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors or omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different." **Ousley**, 21 A.3d at 1244 (quoting **Commonwealth v. Rivera**, 10 A.3d 1276, 1279 (Pa.Super.2010)). "[C]ounsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant." **Id.** "The failure to prove any one of the three [ineffectiveness] prongs results in the failure of petitioner's claim." **Id.** (quoting **Rivera**, 10 A.3d at 1279).

"The failure to request a pre-sentence report is not *per se* ineffective." **Commonwealth v. Johnson**, 517 A.2d 1311, 1317 (Pa.Super.1986) (citing **Commonwealth v. Broadwater**, 479 A.2d 526 (1984)). Counsel will be found ineffective only "when the contents of the report would have caused the sentencing judge to impose a lesser sentence." **Id.** (citing **Broadwater**, 479 A.2d at 533).

The **Turner/Finley** letter and the PCRA court's order dismissing the PCRA petition failed to mention the presentence report and did not address Glass's claim that trial counsel was ineffective for failing to request the presentence report. Although noting Glass claimed trial "counsel was ineffective as he received an illegal sentence," the **Turner/Finley** letter stated the sentence was reasonable and discussed the standard for ineffectiveness of trial counsel and its impact on a knowing, voluntary, and

- 6 -

intelligent guilty plea. *Turner/Finley* Letter at 2-5. The letter concluded that "[a] review of the written guilty plea colloquy and the guilty plea transcript discloses that the Defendant's guilty plea was made knowingly, voluntarily[,] and intelligently." *Id.* at 5. The PCRA court's order dismissing the petition stated that "after a thorough review of the record, Defendant's [PCRA petition], Counsel's *Turner/Finley* letter to Defendant, as well as Counsel's petition to withdraw, this Court has determined the Defendant's PCRA Petition to be devoid of merit necessitating any further hearing before this Court." Order, 1/15/2014.[12]

Further, the PCRA court failed to file a 1925(a) opinion. Rule 1925 directs the trial courts to provide an opinion as to the issues the appellant will raise. Pa.R.App.P. 1925(a); *Commonwealth v. McBride*, 957 A.2d 752, 758 (Pa.Super.2008) (citing *Commonwealth v. Castillo*, 585 Pa. 395, 888 A.2d 775, 779 (2005)). The absence of a PCRA court opinion often

_____

[12] At sentencing, the trial judge did not have a presentence report, did not conduct a pre-sentence inquiry that apprised him of the particular circumstances of the offense and the defendant's personal history and background, and did not provide any reasons for the sentence. *Commonwealth v. Goggins*, 748 A.2d 721, 728 (Pa.Super.2000) ("a sentencing judge must either order a PSI report or conduct sufficient presentence inquiry such that, at a minimum, the court is apprised of the particular circumstances of the offense, not limited to those of record, as well as the defendant's personal history and background"). Further, because the trial court did not hold an evidentiary hearing, there is no record regarding whether counsel's decision to forego a presentence report was reasonable and no record regarding whether the contents of a presentence report would have caused the sentencing judge to impose a lesser sentence.

poses a substantial impediment to meaningful and effective appellate review. *Id.*

The PCRA court's failure to provide a 1925(a) opinion, or any opinion outlining its reasoning for dismissing Glass's PCRA claim, precludes meaningful review. Accordingly, we remand this case to the PCRA court for the issuance of a 1925(a) opinion.

Case remanded for the issuance of a 1925(a) opinion within forty-five (45) days. Jurisdiction retained.