J-S48029-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CEDRIC ANTONIO GLASS | |
| Appellant | No. 330 MDA 2014 |

Appeal from the PCRA Order January 15, 2014
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s): CP-35-CR-0001866-2011

BEFORE: DONOHUE, J., JENKINS, J., and PLATT, J.[*]

MEMORANDUM BY JENKINS, J.:                    **FILED FEBRUARY 09, 2015**

Cedric Antonio Glass appeals from the order of the Lackawanna County Court of Common Pleas dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541, et seq.  We remand to the PCRA court for an evidentiary hearing and the issuance of a supplemental 1925(a) opinion.

Glass was charged with six counts of possession of a controlled substance with the intent to distribute ("PWID"),[1] one count of criminal use of a communication facility,[2] one count of resisting arrest,[3] one count of

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 Pa.C.S. § 780-113(a)(30).

[2] 18 Pa.C.S. § 7512(a).

possession of a controlled substance,[4] one count of possession of marijuana,[5] one count of possession of drug paraphernalia,[6] and one count of tampering with evidence.[7] On January 27, 2012, Glass pled guilty to criminal use of a communication facility, resisting arrest, and one PWID count. N.T., 1/27/2012, at 3-4. The remaining counts were nolle prossed.

Following the guilty plea hearing, Glass's counsel requested immediate sentencing. N.T., 1/27/2012, at 5. Counsel then stated:

> We've had an opportunity to review the case with probation and the District Attorney. It appears [Glass] has a prior record score of five. We have reviewed the standard ranges. I've had a chance to review the standard range with [Glass] and he's prepared to go forward with sentencing.

N.T., 1/27/2012, at 5.

The trial court sentenced Glass to 27 to 54 months' imprisonment and 2 years' consecutive special probation for the PWID conviction; 12 to 24 months' imprisonment for the criminal use of a communication facility conviction to be served consecutive to the PWID sentence; and an additional

*(Footnote Continued)* ———————————

[3] 18 Pa.C.S. § 5104.

[4] 35 Pa.C.S. § 780-113(a)(16).

[5] 35 Pa.C.S. § 780-113(a)(31).

[6] 35 Pa.C.S. § 780-113(a)(32).

[7] 18 Pa.C.S. § 4910(1).

consecutive sentence of 2 years' special probation for the resisting arrest conviction. The court, therefore, imposed an aggregate sentence of 39 to 78 months' imprisonment followed by 4 years' probation. *Id.* at 6. Trial counsel did not request, and the trial court did not order, a pre-sentence report.

Glass did not file post-sentence motions or a direct appeal. On November 27, 2012, Glass filed a *pro se* PCRA petition alleging ineffective assistance of counsel "for failure to inform [Glass] of the severity of [his] guilty plea without having a pre-sentence investigation conducted first." Motion for Post Conviction Collateral Relief, at p. 7. On April 23, 2013, the PCRA court appointed counsel. On July 9, 2013, counsel filed a *Turner/Finley*[8] letter and a petition to withdraw as counsel. Counsel stated Glass's claim was that "[trial] counsel was ineffective as he received an illegal sentence." Letter to Judge Michael J. Barrasse, dated July 3, 2013, at p. 2 [hereinafter *Turner/Finley* Letter].[9] The *Turner/Finley* letter did not mention the pre-sentence report, or lack thereof. *See id.*, at 1-4.

---

[8] *Commonwealth v. Turner*, 544 A.2d 927 (Pa.1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super.1988).

[9] The *Turner/Finley* letter is not paginated. All page numbers have been supplied by this Court.

On January 15, 2014, the PCRA court granted counsel's petition to withdraw and dismissed Glass's PCRA petition.[10]  On February 10, 2014, Glass filed a notice of appeal.  On February 25, 2014, the PCRA court appointed new counsel and ordered counsel to file a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b) within 21 days of the order.  Counsel filed a motion for extension of time to file the concise statement.  On February 28, 2014, the PCRA court granted the extension, requiring counsel to file the concise statement on or before April 10, 2014.  Counsel filed a concise statement on April 2, 2014.

The PCRA court did not file an opinion as required by Pennsylvania Rule of Appellate Procedure 1925(a).  On August 27, 2014, we remanded

---

[10]  The PCRA court dismissed the petition without a hearing and without issuing notice of its intent to dismiss the petition without a hearing. However, where a **Turner/Finley** letter has been filed and served on the defendant, and where the court waits twenty days following the service of this letter, it can dismiss a PCRA petition without a hearing and without notice of its intent to do so.  **Commonwealth v. Bond**, 630 A.2d 1281 (Pa.Super.1993); **cf. Commonwealth v. Hopfer**, 965 A.2d 270, 271, 275 (Pa.Super.2009) (procedure outlined in **Bond** did not justify dismissal of PCRA petition where the PCRA court granted request to withdraw and dismissed petition less than 20 days after the petitioner received counsel's request to withdraw).  Further, Glass did not object in his appellate brief to the PCRA court's failure to issue a notice of intent to dismiss the petition and, therefore, waived the issue.  **Commonwealth v. Boyd**, 923 A.2d 513, 514 n.1 (Pa.Super.2007) (noting appellant waived any complaint of the court's failure to issue notice of its intent to dismiss the petition).

this case for the issuance of a 1925(a) opinion, and on September 23, 2014, the trial court filed an opinion.

Glass raises the following issues on appeal:

A. Whether the trial court erred when the trial court dismissed [Glass's] Petition under the [PCRA] when trial counsel failed to a file Petition for Reconsideration of Sentence.

B. Whether the trial court erred when it dismissed [Glass's] PCRA Petition when trial counsel failed to object to [Glass] being sentenced without a Pre-sentence Investigation.

C. Whether the trial court abused its discretion in sentencing [Glass] without a Pre-sentence Investigation Report.

D. Whether the trial court erred in not stating reasons for its sentence.

Appellant's Brief at 5.

As noted in this Court's August 27, 2014 memorandum, Glass waived his first, third, and fourth claims because he failed to raise them in his PCRA petition. *Commonwealth v. Glass*, No. 330 MDA 2014, at *5 (Pa.Super. filed Aug. 27, 2014); *see, e.g., Commonwealth v. Albrecht*, 720 A.2d 693, 701 (Pa.1998) (claim waived where not raised in PCRA petition). We will address Glass's second claim, which maintains trial counsel was ineffective for failing to request a pre-sentence report.

Our standard of review for the denial of post-conviction relief "is limited to examining whether the court's determination is supported by the evidence of record and whether it is free of legal error." *Commonwealth v.*

*Ousley*, 21 A.3d 1238 (Pa.Super.2011) (citing *Commonwealth v. Morales*, 549 Pa. 400, 701 A.2d 516, 520 (1997)).

For ineffective assistance of counsel claims, the petitioner must establish: "(1) that the underlying claim has merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors or omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different." *Ousley*, 21 A.3d at 1244 (quoting *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa.Super.2010)). "[C]ounsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant." *Id.* "The failure to prove any one of the three [ineffectiveness] prongs results in the failure of petitioner's claim." *Id.* (quoting *Rivera*, 10 A.3d at 1279).

"The failure to request a pre-sentence report is not *per se* ineffective." *Commonwealth v. Johnson*, 517 A.2d 1311, 1317 (Pa.Super.1986) (citing *Commonwealth v. Broadwater*, 479 A.2d 526 (1984)). Counsel will be found ineffective only "when the contents of the report would have caused the sentencing judge to impose a lesser sentence." *Id.* (citing *Broadwater*, 479 A.2d at 533).

Without conducting a hearing, the PCRA court found counsel was not ineffective for failing to request a pre-sentence report. The PCRA court found Glass failed to establish all three prongs of the ineffectiveness test. Without a hearing, however, certain questions remain, including whether counsel discussed the waiver of the pre-sentence report with counsel;

whether any contents in the report could have swayed the court's sentence, i.e., whether "the contents of the report would have caused the sentencing judge to impose a lesser sentence"; whether counsel's decision to not request a pre-sentence report was a reasonable strategy; and whether Glass suffered prejudice as a result of the decision not to request a pre-sentence report. Accordingly, we will remand this case with instructions for the trial court to conduct an evidentiary hearing to determine whether Glass's trial counsel was ineffective for failing to request a pre-sentence report, and for the issuance of a supplemental 1925(a) opinion following the hearing. *See Commonwealth v. Turetsky*, 925 A.2d 876, 882 (Pa.Super.2007) ("It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.") (quoting *Commonwealth v. Khalifah*, 852 A.2d 1238, 1239–40 (Pa.Super.2004))).

The trial court shall conduct an evidentiary hearing within 45 days of the date of this order and file a supplemental 1925(a) opinion within 30 days of the evidentiary hearing.

Case remanded to the PCRA court for an evidentiary hearing and the issuance of a supplemental 1925(a) opinion as directed. Jurisdiction relinquished.

Judge Donohue joins this memorandum

Judge Platt files a dissenting memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/9/2015