J-S22013-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSHUA BRADSHAW | |
| Appellant | No. 1930 MDA 2014 |

Appeal from the PCRA Order October 10, 2014
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0001525-2006

BEFORE:  MUNDY, J., DUBOW, J., and STRASSBURGER, J.[*]

MEMORANDUM BY MUNDY, J.:                    **FILED JULY 12, 2016**

Appellant, Joshua Bradshaw, appeals *pro se* from the October 10, 2014 order denying his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

The PCRA court set forth the relevant factual and procedural history as follows.

> A significant portion of the protracted procedural history in the above captioned matter is set forth in the opinion of Senior Judge Joseph M. Augello issued on October 19, 2010.  The [PCRA] court there[in] considered a previously filed post conviction relief act petition in which [Appellant] challenged both the [negotiated] guilty plea and sentence imposed by [the trial court following Appellant's guilty plea to third-degree murder, first-

---

[*] Retired Senior Judge assigned to the Superior Court.

degree robbery, and theft by unlawful taking]. Judge Augello appointed Jeffrey Yelen, Esq[uire], as counsel to [Appellant] and an evidentiary hearing was conducted on August 31, 2010, the transcript of which consists of 76 pages.

The [PCRA] court subsequently granted in part and denied in part the PCRA petition for the reasons set forth in the aforementioned October 19, 2010 opinion. That opinion thoroughly and ably discusses the testimony of [Appellant]'s then counsel, assistant public defenders William Ruzzo, Esq[uire] and John R. Sobota, Esq[uire]. Additionally, the opinion reviews Pennsylvania jurisprudence concerning guilty pleas in general and plea agreements in particular.

Judge Augello rejected [Appellant]'s assertion that trial counsel were ineffective. Specifically, he determined [Appellant] possessed no expectation or understanding that his sentence would be limited to 20 to 40 years in the aggregate.

Judge Augello, however, also indicated the [PCRA] court was "constrained to conclude" that [Appellant] was entitled to reinstatement of his direct appeal rights *nunc pro tunc*. In this regard the opinion observes that an examination of the guilty plea/sentencing transcript clearly reveals the sentencing court was in error in advising [Appellant] concerning the time frame in which he could appeal to [the] Superior Court. [Appellant] was therefore granted thirty (30) days in which to file a direct appeal *nunc pro tunc* of the previously filed post-sentence motion. …

On September 13, 2011, [the] Superior Court issued a memorandum affirming the judgment of sentence. [***Commonwealth v. Bradshaw***, 34 A.3d 224 (Pa. Super. 2011) (unpublished memorandum), *appeal denied*, 83 A.3d 413 (Pa. 2013).] [The memorandum] additionally recognized the PCRA court addressed the merits of the ineffectiveness claims. In this regard the memorandum indicates "to the extent appellant now purports to appeal from

the denial of relief of his ineffectiveness claims, the PCRA court's 'disposition' was merely advisory and did not result in a separate, appealable order." [The] Superior Court, therefore, denied [Appellant]'s ineffectiveness claim without prejudice to his right to raise it in a timely filed PCRA petition along with any other collateral claims he might pursue.

On December 31, 2013[,] the Pennsylvania Supreme Court issued an order denying [Appellant]'s petition for allowance of appeal.

On April 7, 2014[,] [Appellant] filed a *pro se* petition for Post Conviction Collateral Relief. On April 9, 2014[,] an order was issued reappointing Jeffrey Yelen, Esq[uire], as [Appellant]'s counsel. Attorney Yelen previously served as [Appellant]'s counsel throughout the above described PCRA process conducted before Judge Augello. On July 2, 2014[,] Attorney Yelen submitted a brief and supplemental petition.

A hearing was conducted on October 1, 2014[.] Additionally, on that date, the Commonwealth submitted a response to [Appellant]'s submissions.

On October 10, 2014[,] [the PCRA] court issued an order which denied and dismissed the PCRA petition.

PCRA Court Opinion, 1/20/15, at 1-3 (footnotes omitted). On November 10, 2014, Appellant filed a timely notice of appeal.[1] On September 9, 2015, a

_____

[1] We observe that the 30th day fell on Sunday, November 9, 2014. When computing the 30-day filing period "[if] the last day of any such period shall fall on Saturday or Sunday … such day shall be omitted from the computation." 1 Pa.C.S.A. § 1908. Therefore, the 30th day for Appellant to file a timely notice of appeal was on Monday, November 10, 2014. As a result, his appeal was timely filed. We also observe that Appellant and the
*(Footnote Continued Next Page)*

***Grazier***[2] hearing was held where Appellant voluntarily, knowingly, and intelligently waived his right to counsel and was granted permission to proceed *pro se*. N.T., 9/9/15, at 15.

On appeal, Appellant raises the following issues for our review.

> 1. Did the PCRA Court abuse it's [sic] discretion or err as a matter of law in failing to grant [Appellant]'s request for Post Conviction Relief in the nature of granting him leave to withdraw his Plea where the evidence established that [Appellant]'s plea was involuntary and unknowingly [sic] and consisted of an illegal sentence and a pre sen[t]ence investigation report never being done as a result of the ineffective assistance of counsel in that Trial Counsel improperly induced [Appellant] to plead guilty?
>
> 2. Did the PCRA Court err or abuse its discretion as a matter of law in failing to grant [Appellant]'s Petition when proceeding with the hearing eventhogh [sic] the Commonwealth failed to follow Court Orders to file a responsive brief being given ample time to do so?
>
> 3. Did [t]he PCRA Court err or abuse it's discretion as a matter of law in failing to grant [Appellant]'s request for Post Conviction relief in the nature of granting [Appellant] leave to withdraw his guilty plea when the plea consisted of an illegal sentence?

Appellant's Brief at 6.[3]

_____
*(Footnote Continued)* —————————

PCRA court have complied with Pennsylvania Rule of Appellate Procedure 1925.

[2] ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998).

We begin by noting our well-settled standard of review. "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." ***Commonwealth v. Fears***, 86 A.3d 795, 803 (Pa. 2014) (internal quotation marks and citation omitted). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." ***Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa. 2014) (citation omitted). "It is well-settled that a PCRA court's credibility determinations are binding upon an appellate court so long as they are supported by the record." ***Commonwealth v. Robinson***, 82 A.3d 998, 1013 (Pa. 2013) (citation omitted). However, this Court reviews the PCRA court's legal conclusions *de novo*. ***Commonwealth v. Rigg***, 84 A.3d 1080, 1084 (Pa. Super. 2014) (citation omitted).

In his first issue, Appellant argues counsel was ineffective for allowing Appellant to plead to an illegal sentence. Appellant's Brief at 15; Appellant's

*(Footnote Continued)* _____

[3] Appellant's second issue is a one sentence argument with no citations to the record or relevant legal authority. Pennsylvania Rule of Appellate Procedure 2119(a) requires that the argument section of an appellate brief include "citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a). This Court will not consider an argument where an appellant fails to cite to any legal authority or otherwise develop the issue. ***Commonwealth v. Kareem Johnson***, 985 A.2d 915, 924 (Pa. 2009), *cert. denied*, ***Kareem Johnson v. Pennsylvania***, 562 U.S. 906 (2010); ***see also, e.g.***, ***In re Estate of Whitley***, 50 A.3d 203, 209 (Pa. Super. 2012) (stating, "[f]ailure to cite relevant legal authority constitutes waiver of the claim on appeal[]") (citation omitted), *appeal denied*, 69 A.3d 603 (Pa. 2013). Therefore, Appellant's second issue is waived for want of development.

PCRA Petition, 4/7/14 at 6. Appellant further argues counsel was ineffective for failing to object to immediate sentencing when counsel knew no pre-sentence investigation (PSI) report was ordered. *Id.* at 16.[4] In his third issue, Appellant argues the PCRA court erred in failing to allow him to withdraw his guilty plea when it consisted of an illegal sentence. *Id.* at 22. Appellant claims there is no statutory authorization for his sentence, therefore the sentence is illegal and must be vacated. *Id.* Because Appellant's issues are interrelated, we elect to address them together.

When reviewing a claim of ineffectiveness, we apply the following test, first articulated by our Supreme Court in ***Commonwealth v. Pierce***, 527 A.2d 973 (Pa. 1987).

> [C]ourts presume that counsel was effective, and place upon the appellant the burden of proving otherwise. Counsel cannot be found ineffective for failure to assert a baseless claim.
>
> To succeed on a claim that counsel was ineffective, Appellant must demonstrate that: (1)

_____

[4] We note Appellant's argument section intertwines issues that do not allege trial counsel was ineffective, but rather assert issues of trial court error. Specifically, Appellant asserts he was never "provided with a specific charge of Murder," and that "[t]he [d]efinition that is provided by law for the public to see for third degree Murder is vague in nature and is not giving anyone fair warning as to what constitute[s] a crime and it causes people to guess at it's [sic] meaning." Appellant's Brief at 18-21. Appellant's claims are waived for failing to raise them on direct appeal. ***See*** 42 Pa.C.S.A. § 9544 ("an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding[]").

the claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) counsel's ineffectiveness prejudiced him.

…

[T]o demonstrate prejudice, appellant must show there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different.

*Commonwealth v. Michaud*, 70 A.3d 862, 867 (Pa. Super. 2013) (citations and internal quotation marks omitted). "Failure to establish any prong of the test will defeat an ineffectiveness claim." *Commonwealth v. Birdsong*, 24 A.3d 319, 329 (Pa. 2011).

Instantly, Appellant's claims can be summarized as arguing he was sentenced to an illegal sentence and that counsel was ineffective for allowing him to plead to an illegal sentence, without the benefit of a PSI. Accordingly, our review begins with a determination of whether Appellant's sentence is in fact illegal. "Issues concerning the legality of sentence are cognizable under the PCRA." *Commonwealth v. Beck*, 848 A.2d 987, 989 (Pa. Super. 2004) (citation omitted). "Issues relating to the legality of a sentence are questions of law[.] … Our standard of review over such questions is *de novo* and our scope of review is plenary." *Commonwealth v. Fennell*, 105 A.3d 13, 16 (Pa. Super. 2014) (citation omitted), *appeal denied*, 121 A.3d 494 (Pa. 2015). Further, "[i]f no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction." *Commonwealth v. Wolfe*, 106 A.3d 800, 802 (Pa. Super.

2014) (citation omitted), *affirmed*, --- A.3d ---, 2016 WL 3388530 (Pa. 2016). "An illegal sentence must be vacated." ***Fennell***, ***supra*** at 16. (citation omitted).

Herein, Appellant claims there is no statutory authorization for his sentence. Appellant's Brief at 22. Appellant's five-page argument is rambling and convoluted at times. From what this Court can discern, Appellant's argument appears to be that there is "no statute within the sentencing code to conclude the sentence impose[d] which was 20 to 40 years of imprisonment for 3rd degree murder and 10 to 20 years for robbery[.]" Appellant's Brief at 25. Appellant's argument is premised on the following argument.

> When the Act of October 5, 1980, P.L. 693 no.142 was passed, which repealed 18 Pa.C.S. Chapter 13 – Authority of Court in Sentencing (The Original Sentencing Code) in it's entirety [sic] and transferred the entire sentencing code into Title 42 of the Pennsylvania Consolidated Statutes at 42 Pa.C.S. Chapter 97 – Sentencing.

Appellant's Brief at 23. Appellant seems to argue if there is no provision in Chapter 97 for a sentence, the sentence is illegal.

Contrary to Appellant's assertion, the sentencing code is the very source of the statutory authority for Appellant's sentence.

### § 9703. Scope of chapter

Except as otherwise specifically provided in this chapter, in all cases **the sentence to be imposed shall be determined by the court as authorized by law**.

42 Pa.C.S.A. § 9703 (emphasis added).

The sentencing statutes for third-degree murder and first-degree robbery are codified as follows.

> **§ 1102. Sentence for murder, murder of unborn child and murder of law enforcement officer**
>
> …
>
> **(d) Third degree.--**Notwithstanding section 1103, a person who has been convicted of murder of the third degree or of third degree murder of an unborn child shall be sentenced to a term which shall be fixed by the court at not more than 40 years[.]

18 Pa.C.S.A. § 1102(d).

> **§ 1103. Sentence of imprisonment for felony**
>
> Except as provided in 42 Pa.C.S. § 9714 (relating to sentences for second and subsequent offenses), a person who has been convicted of a felony may be sentenced to imprisonment as follows:
>
> > (1) In the case of a felony of the first degree, for a term which shall be fixed by the court at not more than 20 years.

*Id.* § 1103; *see also id.* § 3701(b)(1) (grading robbery as a first-degree felony generally).

As Appellant was sentenced to 20 to 40 years in accordance with Section 1102 for third-degree homicide, and to 10 to 20 years for first-degree robbery in accordance with Section 1103, Appellant's sentence is "in accordance with the law" and therefore legal. Accordingly, Appellant's claim that counsel was ineffective for allowing him to plead to an illegal sentence

- 9 -

is without merit. Appellant's remaining claim of ineffectiveness asserts counsel was ineffective for allowing sentencing to proceed immediately following Appellant's guilty plea when counsel knew a PSI had not been ordered or prepared. Appellant cites Pennsylvania Rule of Criminal Procedure 702 which states as follows.

**Rule 702. Aids in Imposing Sentence**

**(A) Pre-sentence Investigation Report**

> (1) The sentencing judge may, in the judge's discretion, order a pre- sentence investigation report in any case.
>
> (2) The sentencing judge shall place on the record the reasons for dispensing with the pre-sentence investigation report if the judge fails to order a pre-sentence report in any of the following instances:
>
> > (a) when incarceration for one year or more is a possible disposition under the applicable sentencing statutes;
> >
> > (b) when the defendant is less than 21 years old at the time of conviction or entry of a plea of guilty; or
> >
> > (c) when a defendant is a first offender in that he or she has not heretofore been sentenced as an adult.

Pa.R.Crim.P. 702(A).

Instantly, Appellant argues all three subsections apply. Appellant's Brief at 17. However, this Court has held "[t]he failure to request a pre-sentence report is not *per se* ineffective." ***Commonwealth v. Howard***

*Johnson*, 517 A.2d 1311, 1317 (Pa. Super. 1986), *citing* ***Commonwealth v. Broadwater***, 479 A.2d 526 (Pa. 1984). Counsel will be found ineffective only "when the contents of the report would have caused the sentencing judge to impose a lesser sentence." *Id.* A review of the guilty plea and sentencing hearing transcript reveals Appellant's counsel vigorously reminded the trial court of Appellant's age, noting "he's a young man[,]" and "[h]e was 11 years old on the streets selling drugs with a tacit approval of his parents." N.T., 9/25/06, at 15. Further, at the end of the proceeding Appellant asked the trial court where he was going and the trial court stated, "I imagine … based on … your request to be tried as a juvenile, it will probably be to a youthful offenders facility at least until your 21st birthday." *Id.* at 21. Ultimately, the trial court concluded Appellant "committed the ultimate violent act. You took the life of another and this act cannot be condoned nor can it be tolerated." *Id.* at 19. The trial court stated "[t]he act of murder must be punished to the maximum extent by law. To do otherwise would be a disservice to the victim and his family and a disservice to this community." *Id.* Appellant has failed to demonstrate how a PSI in this matter would have changed the outcome. *See **Howard Johnson**, **supra**.* As a result, counsel cannot be ineffective. *See **Michaud**, **supra**.*

Based on the foregoing, we conclude the PCRA court did not err in denying Appellant's PCRA petition. *See **Fears**, **supra**.* Accordingly, we affirm the PCRA court's October 10, 2014 order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/12/2016