J-S70034-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| FODAY PHILIP KANU, | : | |
| | : | |
| Appellant | : | No. 1225 EDA 2014 |

Appeal from the PCRA Order Entered April 3, 2014
in the Court of Common Pleas of Montgomery County,
Criminal Division, at No(s): CP-46-CR-0007021-2010

BEFORE:     LAZARUS, MUNDY, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED DECEMBER 01, 2014**

Foday Philip Kanu (Appellant) appeals from an order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

Succinctly, the history of the case is as follows.  Appellant entered a guilty plea to one count of solicitation to commit first degree murder, with an agreement that he would receive a sentence of five to ten years' imprisonment.  Appellant did not file a direct appeal but timely filed a PCRA petition, the dismissal of which was appealed and vacated due to an irregularity in the record concerning the withdrawal of appointed counsel.  On remand, following a hearing on the status of Appellant's representation by counsel, the PCRA court granted counsel leave to withdraw and dismissed Appellant's petition.  This timely-filed appeal followed.

_____

*Retired Senior Judge assigned to the Superior Court.

On appeal, Appellant raises questions concerning the ineffectiveness of trial counsel; a Sixth Amendment violation *via* use of an undercover informant; and the ineffectiveness of PCRA counsel. Appellant's Brief at 4.

Following our review of the certified record, the briefs for the parties, and the relevant law, we conclude that the opinion of the Honorable Cheryl L. Austin correctly addresses and disposes of Appellant's issues and supporting arguments.[1] Accordingly, we adopt the PCRA court's opinion of June 17, 2014 as our own, and affirm the PCRA court's disposition of Appellant's issues on the basis of that opinion. The parties shall attach a

_____

[1] In discussing Appellant's argument concerning a 6th Amendment violation based upon the informant's status as a government agent, the PCRA court held that Appellant waived the issue by entering a guilty plea. PCRA Court Opinion, 6/18/2014, at 11-12. To the extent that Appellant makes the claim in the context of ineffective assistance of counsel, Appellant's Brief at 12-13, Appellant fails to convince us that the PCRA court erred in dismissing his petition. To prevail on a claim of ineffective assistance, Appellant had the burden to plead and offer to prove each of the following: "the underlying legal claim has arguable merit; counsel had no reasonable basis for his act or omission; and Appellant suffered prejudice as a result." ***Commonwealth v. Baumhammers***, 92 A.3d 708, 719 (Pa. 2014). "Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." ***Commonwewalth v. Hickman***, 799 A.2d 136, 141 (Pa. Super. 2002). Although Appellant argues that his underlying claim has merit, Appellant neither claims that counsel lacked a reasonable basis for failing to challenge the informant's statements, nor explains why he would have declined the plea offer if the witness's statements had been excluded, given that the same information was available from another source (*e.g.*, letters Appellant acknowledged having written to his brother in which he solicited the same murder). Accordingly, Appellant has not met his burden and his petition was dismissed properly on that alternative basis. ***See Commonwealth v. Natividad***, 938 A.2d 310, 322 (noting that an appellant continues to bear the burden of addressing each of the three ineffectiveness prongs on appeal).

copy of the PCRA court's June 17, 2014 opinion to this memorandum in the event of further proceedings.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 12/1/2014

**IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY,**
**PENNSYLVANIA**
**CRIMINAL DIVISION**

COMMONWEALTH OF PENNSYLVANIA :
                               : **1225 EDA 2014**
                               :
            **v.**              :
                               : **NO. CR-0007021-2010**
                               :
**FODAY PHILLIP KANU**            :

**OPINION**

AUSTIN, J.                                           June _17_, 2014

## INTRODUCTION

Appellant, Foday Phillip Kanu ("Appellant") appeals *pro se* to the Superior Court of Pennsylvania from this Court's Order dated April 2, 2014, dismissing his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA")

## FACTS AND PROCEDURAL HISTORY

On May 26, 2011, Appellant, represented by Assistant Public Defender, Sharon R. Meisler, Esquire ("Attorney Meisler"), entered into a quasi-negotiated plea agreement before the Honorable Richard J. Hodgson. Appellant pled guilty to the negotiated charge of one count of felony criminal solicitation to commit first degree murder. However, there was no total agreement between the parties regarding Appellant's sentence. During the oral colloquy, Appellant verified that he was currently serving a sixteen (16) to thirty-two (32) year sentence for his rape conviction at Graterford State Correctional Institution located in Montgomery County, Pennsylvania. At the plea hearing, Appellant admitted that while

incarcerated at Graterford, he had a series of conversations, soliciting another jail inmate to kill the woman he was convicted of raping and serving a sentence for such conviction.

Under the terms of the quasi-negotiated plea agreement, Appellant agreed to be sentenced to five (5) to ten (10) years with the understanding that there was no agreement as to whether Appellant's five (5) to ten (10) year sentence would run consecutively or concurrently with his sixteen (16) to thirty-two (32) year sentence that Appellant was already serving. At the conclusion of the hearing, Judge Hodgson sentenced Appellant to undergo imprisonment for five (5) to ten (10) years to run consecutively to the sentence of sixteen (16) to thirty-two (32) years of imprisonment that he was already serving. Appellant did not file a post sentence motion or a direct appeal.

On March 5, 2012, Appellant filed a timely *pro se* PCRA Petition, in which he raised issues of ineffective assistance of Attorney Meisler. On March 9, 2012, Judge Hodgson filed an Order, appointing Sean E. Cullen, Esquire ("Attorney Cullen") to represent Appellant on his PCRA Petition. On April 20, 2012, Attorney Cullen filed a "no merit" letter in accordance with *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988). Although Attorney Cullen's "no merit" letter referenced a Petition to Withdraw from representation, no such petition was ever filed or docketed in the PCRA Court.

On May 1, 2012, Judge Hodgson issued an Order, notifying Appellant of its intention to dismiss his PCRA petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907. Upon Judge Hodgson's death, this case was assigned to the undersigned Judge. On May 21, 2012, Appellant mailed a *pro se* response to said Notice, requesting reconsideration of his PCRA Petition based on the ineffective assistance of Attorney Cullen. Subsequently, the undersigned denied the Reply to Notice of Intent to Dismiss PCRA, and dismissed the PCRA Petition without a hearing on June 12, 2012.

2

On July 6, 2012, Appellant filed a timely *pro se* notice of appeal to the Pennsylvania Superior Court from this Court's Order of June 12, 2012. On November 23, 2012, this Court entered an Order *sua sponte* releasing Attorney Cullen as counsel of record. On May 23, 2013, the Superior Court vacated the June 12, 2012 Order and remanded this case with instructions based on this Court's error of releasing Attorney Cullen as counsel of record on November 23, 2012. The Superior Court instructed this Court to conduct a hearing to determine whether Appellant's PCRA petition shall proceed with Attorney Cullen or with new counsel.

On June 19, 2013, Attorney Cullen properly filed a Petition for Leave of Court to Withdraw as Counsel for Defendant, attaching the April 20, 2012 "no merit" letter in accordance with Superior Court's instructions. On July 31, 2013, Appellant appeared with Attorney Cullen for a PCRA hearing, claiming he is unable to speak, read, write and understand the English language. Upon this Court's review of the transcripts and Appellant's *pro se* petitions and correspondences, this Court concluded such claim had no merit based on Appellant's lack of credibility. On August 1, 2013, Attorney Cullen re-filed his "no merit" letter with an additional letter dated August 1, 2013, advising Appellant that his claim that he does not understand and speak English has no merit.

On November 12, 2013, this Court conducted a hearing, ascertaining whether Appellant's PCRA petition shall proceed with Attorney Cullen or new counsel. After the hearing, this Court issued an Order dated November 12, 2013, which notified Appellant of its intention to dismiss his PCRA petition and granted Attorney Cullen's Petition for Leave to Withdraw. On November 27, 2013, Appellant filed a *pro se* Motion for Extension of Time, requesting a thirty (30) day extension to reply to this Court's Notice of Intent to Dismiss PCRA, which was granted by this Court on December 3, 2014. On December 26,

3

2013, Appellant filed a Reply to Notice of Intent to Dismiss PCRA. After reviewing the record and finding no issues of merit, this Court dismissed the Appellant's PCRA Petition on April 2, 2014.

On April 16, 2014, Appellant filed a timely Notice of Appeal to the Pennsylvania Superior Court from this Court's Order dated April 2, 2014. On April 17, 2014, the Clerk of Courts sent Appellant correspondence via certified mail, informing him of the following: (1) a Notice of Appeal to the Pennsylvania Superior Court requires a $145.00 non refundable fee; or (2) he could file a Petition to Proceed *In Forma Pauperis* ("IFP") if he was unable to pay the filing fee.

On April 18, 2014, in accordance with Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure, this Court ordered Appellant to file a Concise Statement of Matters Complained of on Appeal within twenty-one (21) days from the date of the Order. On April 28, 2014, Appellant filed an IFP, which was granted on April 29, 2014. On May 8, 2014, this Court received Appellant's Concise Statement.

## ISSUES

By way of Concise Statement, Appellant raises the following issues on appeal, which this Court modified for clarity purposes:

1.     Based on Appellant's Sixth Amendment right to counsel, Attorney Meisler was ineffective in the following ways: (1) failing to obtain an interpreter to assist Appellant in understanding the colloquy; and (2) failing to adequately investigate and challenge the statement(s) offered into evidence by jailhouse inmate and informant, Arrick Javon Wise ("Informant Wise"), who admitted he was cooperating with state police to receive leniency.

4

2.      When Informant Wise questioned Appellant for the purpose of gathering information to provide to the police, he acted as a government agent, which violated Appellant's Sixth and Fourteenth Amendment rights.

3.      Attorney Cullen was ineffective as Appellant's PCRA counsel for the following ways: (1) failing to raise ineffective assistance of counsel claims stated in the first issue regarding Attorney Meisler; (2) failing to have Informant Wise testify about whether he was manipulated and coerced into making statements; (3) failing to have Informant Wise testify regarding why he contacted and informed the state police of Appellant's intention to have him kill the woman he was convicted of raping; and (4) failing to have Informant Wise testify that he orchestrated the events leading up to the taped conversation.

## DISCUSSION

When reviewing an appeal under the PCRA, the Appellate Court's scope is limited by the parameters of the act. 42 Pa.C.S.A. §9541 et seq. *Commonwealth v. Strong*, 761 A.2d 1167, 1170 (Pa. 2000). The standard of review for the denial of the PCRA petition is limited to examining whether the Court's determination is supported by the evidence of record and free of legal error. *Commonwealth v. Anderson*, 995 A.2d 1184, 1189 (Pa. Super. 2010), *citing Commonwealth v. Wright*, 935 A.2d 542, 544 (Pa. Super. 2007). Great deference is afforded to the findings of the PCRA Court if the record contains any support for those findings. *Commonwealth v. Boyd*, 923 A.2d 513, 515 (Pa. Super. 2007).

## A.   APPELLANT'S CLAIMS THAT ATTORNEY MEISLER WAS INEFFECTIVE HAS NO ARGUABLE MERIT UNDER THE LAW.

In the instant case, Attorney Meisler represented Appellant at the plea hearing where Appellant entered a quasi-negotiated guilty plea to the felony charge of criminal

5

solicitation to commit first degree murder. Appellant seeks post-conviction relief, alleging errors on the part of Attorney Meisler. Specifically, Appellant claims his counsel provided ineffective assistance during the plea hearing based on the following: (1) failure to obtain an interpreter to assist Appellant in understanding the colloquy; (2) failure to adequately investigate and challenge the statements offered into evidence by Informant Wise, who admitted he was cooperating with state police to receive leniency. As a result of these alleged errors, Appellant seeks to withdraw his guilty plea and go to trial on the charge against him.

The law is clear that "[a] criminal defendant has the right to effective counsel during a plea process as well as during trial." *Commonwealth v. Rathfon*, 899 A.2d 365, 369 (Pa. Super. 2006) (quotation omitted). It is well-established that counsel is presumed effective; the burden of proving otherwise lies with the petitioner. *Commonwealth v. Cox*, 983 A.2d 666, 678 (Pa. 2009). To overcome such presumption and prevail on his claims of ineffective assistance of counsel, Appellant must plead and prove, by a preponderance of the evidence, three elements: (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the defendant suffered prejudice because of counsel's action or inaction. *Commonwealth v. Steele*, 961 A.2d 786, 796 (Pa. 2008) (*citing, inter alia, Commonwealth v. Pierce*, 527 A.2d 973, 976 (Pa. 1987)). A claim of ineffectiveness will be denied if the petitioner's evidence fails to meet any of these prongs. *See Commonwealth v. O'Bidos*, 849 A.2d 243, 249 (Pa. Super. 2004), *appeal denied*, 860 A.2d 123 (Pa. 2004).

Furthermore, "[a]llegations of ineffective assistance of counsel in connection with a guilty plea will provide a basis for relief only if the ineffectiveness caused an involuntary or unknowing plea." *Commonwealth v. Allen*, 732 A.2d 582, 587 (Pa. 1999). To succeed in

6

showing prejudice for a claim of ineffectiveness in connection with a guilty plea, defendant "must show that it is reasonably probable that, but for counsel's errors, he would not have pleaded guilty and would have gone to trial." *Commonwealth v. Hickman*, 799 A.2d 136, 141 (Pa. Super. 2002). Defendant must show that counsel's deficient stewardship resulted in a manifest injustice, for example, by facilitating entry of an unknowing, involuntary, or unintelligent plea." *Commonwealth v. Morrison*, 878 A.2d 102, 105 (Pa. Super. 2005).

However, the law does not require that a defendant be pleased with the outcome of his decision to enter a plea of guilty. *Commonwealth v. Diaz*, 913 A.2d 871, 873 (Pa. Super. 2007). All that is required is that defendant's decision to plead guilty be knowingly, voluntarily, and intelligently made." *Commonwealth v. Lewis*, 708 A.2d 497, 500-01 (Pa. Super. 1998). "The guilty plea colloquy must affirmatively demonstrate that the defendant understood what the plea connoted and its consequences." *Lewis*, 708 A.2d at 501. Determining whether a defendant understood the connotations of his plea and its consequences requires an examination of the totality of the circumstances surrounding the plea, which must establish that:

1. The defendant understood the nature of the charges to which he is pleading guilty;
2. There is a factual basis for the plea;
3. The defendant understood that he has a right to a trial by jury;
4. The defendant understood that he is presumed innocent until he is found guilty;
5. The defendant is aware of the permissible ranges of sentences and/or fines for the offenses charged; and
6. The defendant is aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such an agreement.

*See Commonwealth v. Young*, 695 A.2d 414, 417 (Pa. Super. 1997). Further, nothing in the rule would preclude the supplementation of the oral colloquy by a written colloquy that is read, completed, and signed by the defendant and made a part of the plea proceedings.

*Morrison*, 878 A.2d at 108. Where the record clearly demonstrates that a guilty plea colloquy was conducted and defendant understood the nature of the charges against him, the voluntariness of the plea is established. Thus, a valid plea defeats claims that the ineffectiveness of counsel facilitated entry of an unknowing, involuntary or unintelligent plea.

In this instant case, Appellant filled out and reviewed with Attorney Meisler a written guilty plea colloquy without an interpreter. In his written guilty plea colloquy, Appellant indicated, in part: (1) that he can read, write and understand the English language; (2) that he attended school for twelve years; (3) that he understood the maximum sentences which could be imposed; (4) that it was his decision to plead guilty; (5) that no threats or promises had been made to him to force or entice him to plead guilty; and (6) that he was satisfied with counsel's representation. The written colloquy Appellant initialed and signed also explained the rights Appellant was forfeiting, indicated that Appellant understood the proceedings and explored all of the sentencing and collateral consequences involved in the guilty plea. Appellant's written responses to these questions were confirmed via oral colloquy conducted at the time of the plea.

In compliance with Rule 319(b) of the Pennsylvania Rules of Criminal Procedure, counsel for both sides announced before Judge Hodgson, in the presence of Appellant, the terms of the quasi-negotiated plea agreement. Thereafter, Appellant was placed under oath before Judge Hodgson. During questioning, Appellant confirmed his ability to read, write and understand the English language. (N.T., May 26, 2011 at p. 4). Appellant acknowledged that he had sufficient time to speak with his attorney and he was satisfied with his counsel's service. (N.T., May 26, 2011 at p. 11). Appellant verified that no one

8

forced, threatened, or coerced him to enter the plea agreement but rather he made the decision on his own with the recommendation of counsel. (N.T., May 26, 2011 at p. 5).

Appellant informed the Court that he understood he was voluntarily pleading guilty to criminal solicitation to commit murder. (N.T., May 26, 2011 at p. 4). Appellant also indicated he understood that the instant criminal charge resulted from having a series of conversations with Informant Wise about killing Hawa Koroma while they were both incarcerated at Graterford. (N.T., May 26, 2011 at p. 4-5). Appellant admitted that Hawa Koroma was the victim he was convicted of raping and he requested Informant Wise kill Hawa Koroma because she lied against him. (N.T., May 26, 2011 at p. 9). Appellant stated that he understood that by pleading guilty, he was subjecting himself to deportation because he is a non-citizen of the United States. (N.T., May 26, 2011 at p. 5). Appellant further stated that he understood that there was no agreement as to whether Appellant's five (5) to ten (10) year sentence was to run consecutively or concurrently with his sixteen (16) to thirty-two (32) year sentence that Appellant was serving at the time of the plea agreement and the decision would be made by Judge Hodgson. (N.T., May 26, 2011 at p. 11-12).

The law is clear that a defendant who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy. *Commonwealth v. Barnes*, 687 A.2d 1163, 1167 (Pa. Super. 1996), *appeal denied*, 548 Pa. 613, 693 A.2d 585 (a defendant may not assert grounds in a post-conviction proceeding that contradict statements he or she made to the courts in prior proceedings). Here, a valid guilty plea was conducted, establishing that Appellant understood the nature of the charges, the terms of the plea and the consequences of the plea. The record demonstrates that

9

Appellant made the decision to plead guilty on his own at the recommendation of counsel, that no one forced, threatened or coerced him to enter the plea agreement and that he was satisfied with Attorney Meisler's services. It is clear from the record that Appellant had the opportunity to go to trial but elected not to by accepting a quasi-negotiated plea agreement with a reduced sentence. When Appellant accepted the quasi-negotiated plea agreement, he not only gave up his right to force the Commonwealth to put on its case, he also gave up his right to challenge any evidence against him. Because Appellant's plea was knowing and voluntary, there is no merit to the underlying claim that Attorney Meisler failed to investigate and challenge the information Informant Wise provided to the police against him which formed the basis of the charges. Moreover, Appellant is bound by the statements he made under oath and may not assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy.

The record does not indicate any prejudice or injustice Appellant suffered due to the absence of an interpreter to assist him with the plea process. Appellant's claim that an interpreter was needed to assist him with understanding the colloquy is based on a falsehood that he does not speak, read, write or understand the English language. It is well settled law that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies. *Commonwealth v. Cappelli*, 489 A.2d 813, 819 (Pa. Super. 1985). The written and oral colloquies demonstrate that Appellant attended school for twelve years and reads, writes and understands the English language. Additionally, the record shows Appellant conversing and appropriately responding to questions in English without an interpreter. Appellant's *pro se* petitions and responses also evidence Appellant's ability to read, write and understand English. Because a purported lie cannot form the basis for granting an Appellant's request for post-conviction

10

relief, Appellant's claim that Attorney Meisler's failure to obtain an interpreter facilitated an unknowing and unintelligent plea is without merit.

Based on the totality of the circumstances, Appellant's voluntary, knowing and intelligent plea invalidates his claim that Attorney Meisler ineffectively represented him at the guilty plea.

## B. BY ENTERING A PLEA OF GUILTY, APPELLANT WAIVED HIS RIGHT TO CONTEST OR CHALLENGE ANY INFORMATION THAT INFORMANT WISE PROVIDED TO THE POLICE

Appellant contends that when Informant Wise questioned Appellant to gather information to provide to the police, Informant Wise acted as a government agent, which violated Appellant's Sixth and Fourteenth Amendment rights. Contrary to Appellant's assertion, it is well-settled in Pennsylvania that "where a guilty plea has been entered, all grounds of appeal are waived except challenges to the voluntariness of the plea and the jurisdiction of the Court." *Commonwealth v. Broadwater*, 479 A.2d 526, 529 (Pa. Super. 1984). Here, Appellant's claim regarding Informant Wise does not relate to the voluntariness of the guilty plea nor does the claim relate to the jurisdiction of this Court.

Under the plea agreement, Appellant pled guilty to the negotiated felony charge of criminal solicitation to commit first degree murder for requesting Informant Wise to kill Hawa Koroma, the woman that Appellant was convicted of raping and serving a sentence for such conviction. (Bills of Information 7021-2010); (N.T., May 26, 2011 at p. 4-5). Specifically, Appellant admitted to Judge Hodgson that he wanted to kill the woman he was convicted of raping because she lied against him. His admission was admitted into evidence at Appellant's plea hearing. (N.T., May 26, 2011 at p. 9). When Appellant pled guilty, Appellant agreed to the facts as set forth in the police affidavit and waived the right to later challenge those same facts. Accordingly, Appellant has waived his right to contest

11

or challenge any information Informant Wise provided to the police about killing Hawa

Koroma. Given Appellant's waiver of such right, this claim has no arguable merit on

appeal.

## C. APPELLANT'S CLAIM THAT ATTORNEY CULLEN WAS INEFFECTIVE HAS NO ARGUABLE MERIT UNDER THE LAW.

The Supreme Court in *Pitts* noted in a footnote of the opinion that ineffectiveness of

PCRA counsel claims can be preserved when the claims are raised in response to the PCRA

Court's 907 notice after receiving counsel's withdrawal letter. *Commonwealth v. Pitts*, 981

A.2d 875, 880 (Pa. 2009); *see also Commonwealth v. Ford*, 44 A.3d 1190, 1197 (Pa. Super.

2012) ("[A] majority of the Supreme Court agrees that issues of PCRA counsel's

effectiveness must be raised in a serial PCRA petition or in response to a notice of

dismissal before the PCRA Court."). Here, Appellant preserved his right to instantly raise

the claim of ineffectiveness of Attorney Cullen by raising this issue in response to Judge

Hodgson's 907 notice.

Appellant asserts Attorney Cullen was ineffective as his PCRA counsel based on

the following: (1) failing to raise ineffective assistance of counsel claims stated in the first

issue regarding Attorney Meisler; (2) failing to have Informant Wise testify about whether

he was manipulated and coerced into making statements; (3) failing to have Informant

Wise testify regarding why he contacted and informed the state police of Appellant's

intention to have him kill the woman he was convicted of raping; and (4) failing to have

Informant Wise testify that he orchestrated the events leading up to the taped conversation.

As stated above, Appellant must again satisfy all three prongs of the ineffectiveness

test with respect to PCRA counsel. Appellant must demonstrate: (1) the underlying claim is

of arguable merit; (2) the particular course of conduct pursued by PCRA counsel did not

12

have some reasonable basis designed to effectuate appellant's interests; and (3) but for PCRA counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different. *See Commonwealth v. Kimball*, 724 A.2d 326, 333 (Pa. 1999). A claim of ineffectiveness will be denied if the Petitioner's evidence fails to meet any of these prongs. *Pierce*, 527 A.2d at 221-222.

Upon this Court's own independent review of the record and Attorney Cullen's *Finley* Letter refiled on June 19, 2013 and August 1, 2013, this Court finds that Attorney Cullen zealously researched and investigated both Appellant's PCRA issues and Appellant's additional issues. Attorney Cullen properly determined the following: (1) Appellant is able to read, write and understand the English language without an interpreter; (2) Appellant knowingly, intelligently, and voluntarily tendered his plea of guilty; and (3) Appellant's PCRA claims assert grounds for withdrawing the plea which contradict the statements he made at his plea agreement. As a result, Attorney Cullen properly concluded and advised the Appellant that his petition seeking post-conviction relief was without merit.

Consequently, Attorney Cullen was not ineffective for declining to raise Appellant's failed claims. *See Commonwealth v. Porter*, 728 A.2d 890, 896 (Pa. 1999) ("to establish that [PCRA counsel] was ineffective, Appellant must establish that counsel inexcusably failed to raise issues which, had they been raised, would have afforded Appellant relief"). *See, e.g., Commonwealth v. Laird.* 726 A.2d 346, 355 (Pa. 1999) (counsel cannot be ineffective for failing to raise meritless claim). No relief was due. Thus, Appellant is not entitled to relief regarding his allegation that Attorney Cullen was ineffective.

13

## CONCLUSION

Based on the foregoing, the undersigned respectively requests that the Court's

Order of April 2, 2014 be **AFFIRMED**.

BY THE COURT,

_____

CHERYL L. AUSTIN       J.

Copies sent to the following on: 6/17/14

**By Certified Mail:**

Foday Phillip Kanu, *Pro Se* Defendant

**By Interoffice Mail:**

District Attorney's Office-- Appellate Division

Clerk of Courts

_____

Judicial Secretary

14